MISSISSIPPI STATE HIGHWAY COMMISSION *v.* ROGERS

No. 42146          December 11, 1961          136 So. 2d 216

*Boyd & Holifield, Welch, Gibbes & Graves,* Laurel, for appellant.

*George D. Maxey, James D. Hester,* Laurel, for appellee.

McELROY, J.

This is the third appeal of this case to this Court. The judgment rendered on the first trial was reversed in Mississippi State Highway Commission v. C. B. Rogers, 236 Miss. 800, 112 So. 2d 250, and a new trial granted on questions of law. Previous trials of this case resulted in jury verdicts of $120,000, $122,500, $100,000 and this verdict of $117,500. In one of the trials in the circuit court the learned judge entered a remittitur which was not acceptable to the appellants.

The facts are set out rather fully in the opinions in the former appeals and will not be repeated here. The witnesses seem to be the same in all of the cases.

In the case of Mississippi State Highway Commission v. Rogers, 128 So. 2d 353, the Court granted a new trial for a change of venue and also in reference to the evidence of Dick Warren. The Court also held ''that the opinion of any competent witness is admissible in an eminent domain trial, in order to assist but not control the judgment of the jury, in determining the value of the land which is to be taken; but such opinion should be admitted only when given by persons acquainted with the particular land and who have knowledge of the value thereof.'' It was also said ''in determining the damages to land not taken, a witness must be familiar with the market value before the injury was inflicted and the market value afterwards and estimates of per centage of value lost, not based upon some substantial ground should be excluded'' inferring that the other witnesses on behalf of the appellee were competent to testify. In this case Dick Warren did not testify. In all of the cases the other witnesses for the appellee met the qualifica-

tions as to competency. Their competency was gone into in the previous trials.

The witnesses for the appellant, J. Ed Turner, Leon T. Rogers, Jr., and Clarence A. Boone testified that in their opinion the land in question had a fair market value of $27,500 before the taking and a fair market value of $5,400 after the taking, leaving the damages at $22,100.

The three witnesses testifying for the appellee, James Reeves, John Blackledge and Dewey Blackledge, gave the following values:

| Witness | Before | After | Damages |
| --- | --- | --- | --- |
| James Reeves | $123,300.00 | $4,100.00 | $119,200.00 |
| John Blackledge | $137,345.00 | $7,300.00 | $130,045.00 |
| Dewey Blackledge | $126,000.00 | $5,000.00 | $121,000.00 |

The assignments of error are: (1) That the lower court erred in refusing to exclude the testimony of the above witnesses on behalf of the appellee; (2) That the verdict of the jury is not based on any evidence and is against the overwhelming weight of the evidence; (3) That the lower court erred in admitting damages to the appellee in the cost of moving personal property and (4) That the verdict is so excessive as to be shocking to the conscience and the evince bias, passion and prejudice on the part of the jury.

The competency of the witnesses for the appellee was passed on in the former cases, and we believe that their competency was fully proved in this case.

■■ ■ We believe the question of evidence of alleged damages to appellee in the cost of moving personal property is competent in this case. The appellant had obtained an order in this Court granting a mandatory injunction requiring the appellee to remove his property from the right of way under a penalty of contempt if not complied with. The appellee offered testimony to the effect that in complying with this order of the Court he had removed 2,803 automobiles from three acres of land

and stacked them up on one acre of land and that this cost was estimated to be $14,000. The amount may be exaggerated. However, he certainly had a right to testify as to what it cost him when he introduced bills substantiating his testimony.

The Mississippi Constitution, Sec. 17 states: "Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and as such, determined without regard to legislative assertion that the use is public." Section 2760, Miss. Code 1942, states: "The defendant is entitled to due compensation, not only for the value of the property to be actually taken as specified in the application, but also for damages, if any, which may result to him as a consequence of the taking; * * *." This is a part of the instruction that the statute lays out in eminent domain proceedings and therefore it is binding on the court.

In Baker v. Miss. State Highway Comm., 37 So. 2d 169, the Court held:

"It is settled that in eminent domain proceedings the measure of damage to the property not actually taken is the difference between the fair market value of such property before, as compared to such value after, the taking. State Highway Commission v. Day, 181 Miss. 708, 180 So. 794; Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565; Mississippi State Highway Commission v. Treas, et al., 197 Miss. 670, 20 So. 2d 475. It is pointed out that there may be exceptional conditions where this rule would not be a proper test, as, for instance, where plaintiff sued for damage to his business resulting from enlargement of the Mississippi Levee, which occasioned the removal of

fifty families from the neighborhood of his business, (Kwong, et al. v. Board of Mississippi Levee Commissioners, 164 Miss. 250, 144 So. 693), or where the remaining lot was worth more without the damage or destroyed house thereon. Sears, Roebuck & Co. v. Creekmore, 199 Miss. 48, 23 So. 2d 250. Other unusual conditions, where the before and after values test would not be applicable, might be cited. In these exceptional cases all that can be done is to apply thereto a rule supported by reason, logic and common sense, designed to result, as far as may be humanly possible, in the ascertainment of the true, accurate damage the property owner has suffered. However, it is pointed out in the foregoing eminent domain cases, and others we might cite, that evidence of the cost of replacements and putting the remaining property in its former usable condition, entirely or as nearly so as possible, is competent, but this is so, not as constituting a basis for a verdict or judgment separate and independent of the comparative values, but only as bearing upon the tending to show the accuracy, or inaccuracy, of such comparative values as estimated by other evidence responsive directly to the before and after rule.''

■■■ One of the leading cases in our state on the question of damages of eminent domain is Miss. State Highway Comm. v. Hillman, 189 Miss. 850, 198 So. 565, which holds that the measure of damages to the condemnee is the difference in the fair market value of the land before and after taking and that under a Constitutional provision personal property should not be taken for public use except on ''due compensation being first made to the owner.'' Due compensation is made when the owner is paid the value of the land taken and the damages, if any, which result to him as a consequence of the taking, without considering either general public benefits or injuries resulting from the use to which the land is to be taken, shared by the general public.

We are of the opinion that the cost of moving these cars should be considered with all of the evidence so that the jury in their considerations may estimate the before value and the after value.

In Jacksonville Expressway Authority v. Henry G. DuPree Co. (a Florida case), 108 So. 2d 289, it was held that the removal of property was an element of damages. The Florida Constitution and statutes are very similar to our Constitution and eminent domain statutes. This case holds to the effect that where a condemnation of part of a corporation's property necessitated vacation of the entire property and equipment and supplies had to be moved to a new location three miles away, the corporation was entitled to compensation for reasonable cost of moving personal property under constitutional provisions requiring full and just compensation to owners before appropriation of private property.

The removal of this property is certainly not speculative but is part of the actual taking of the property. Jacksonville Expressway Authority v. Henry DuPree Co., supra, further states that "although fair market value is an important element in the compensation formula, it is not an exclusive standard in this jurisdiction. Fair market value is merely a tool to assist us in determining what is full or just compensation, within the purview of our constitutional requirements."

The appellee invoked Sec. 1536, Miss. Code 1942, which provides as follows: "Every new trial granted shall be on such terms as the Court shall direct; and no more than two new trials shall be granted to a party in any cause." We feel that this point is well settled in Mobile and Ohio Railroad Co. v. Johnson, 165 Miss. 397, 141 So. 581, which held: "The limitation prescribed by the statute does not apply to new trials granted because of errors of law; and hence the two new trials that have now been granted in the present case do not come within the said statute." The two former cases decided by this

Court were reversed due to errors of law, even though in the first case the Court held that a remittitur should be granted.

The appellants objected to the court's refusal of instruction No. 7 which tells the jury that it should not consider the cost of moving personal property in arriving at its verdict. We believe that the court was correct in refusing this instruction. We believe that the instructions granted by the court were the usual instructions granted in eminent domain cases and fully followed the statutes. Instruction No. 2 granted on behalf of the defendant is in part as follows: "The defendant is entitled to due compensation, not only for the value of the property to be actually taken as specified in the amended application, but also for damages, if any, which may result to him as a consequence of the taking; and you are not to deduct therefrom anything on account of the supposed benefits incident to the public use for which the application is made."

The last point raised in the assignment of error, and as far as this case is concerned probably the most important one, is that the judgment is so excessive as to shock the enlightened conscience and to evince bias, passion and prejudice on the part of the jury. This point is well taken.

■■■ We believe that it is necessary and to the best interest of the public that there should be an end to litigation. It works a hardship on the individual and also in this case the State because the Highway Commission is an arm of the State. We are of the opinion, after a careful consideration of the record in this case, that the verdict of $117,500 is so grossly excessive as to evince bias, passion and prejudice on the part of the jury and the same cannot be affirmed by this Court. The judgment of the lower court is reversed and the cause is remanded for a new trial on damages unless within ten days from this date appellees enter a remittiture of

$27,500, thus reducing the award to the aggregate sum of $90,000.

The instructions in the case requested interest on the amount to be allowed by the jury and in accordance with Miss. State Highway Comm. v. Treas, 197 Miss. 671, 20 So. 2d 475, the jury assessed the interest as part of the damages until May 26, 1961. Interest at six per cent will be allowed in this Court from May 26, 1961.

In event appellees accept such remittitur, the judgment will be affirmed as modified. All costs of this appeal and the former appeals, plus the interest as set out above, will be assessed against the appellant. Miss. Code 1942, Rec., Sec. 2767.

Reversed and Remanded unless appellee accepts specified remittitur; in that event, affirmed with remittitur.

*McGehee, C. J.,* and *Kyle, Gillespie,* and *Jones, JJ.,* concur.