239 So.2d 335 (1970)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
CENTRAL LAND & RENTAL CORP. and Dudley M. Maples, d/b/a Maples Gas Co.
No. 45880.
Supreme Court of Mississippi.
September 28, 1970.
*336 Ethridge, Bourdeaux & Jones, Meridian, for appellant.
Dunn & Singley, Meridian, for appellees.
ETHRIDGE, Chief Justice:
This is an eminent domain action brought by the Mississippi State Highway Commission, appellant, against Central Land & Rental Corporation and Dudley M. Maples, doing business as Maples Gas Company. There was a jury verdict in the county court of $54,625, which was apportioned $40,625 to Central Land, owner of the real property, and $14,000 to Dudley M. Maples, lessee of one-half acre of it. The Circuit Court of Lauderdale County affirmed.
Central Land is the owner of a 4.74 acre tract located on a dirt and gravel road in the southwest part of the City of Meridian. The Arundel Road bounds the north part of the tract, and the taking is of a 150-foot wide strip on the south side. Hence the present access to a public road is not affected. The strip actually taken is 1.94 acres, but a piece of land in the southeast corner consisting of .22 acres is isolated without access, so in effect the Commission is taking in toto 2.16 acres of the 4.74 acre tract. The taking also destroys a leasehold interest claimed by Maples in one-half acre under a lease to him from Central Land.
The subject property is located in an industrial and light industrial area of Meridian. It is situated near several major highways, with a railroad on the west. The *337 witnesses agreed that the highest and best use of the property is for an industrial or large commercial concern.
Central Land & Rental Corporation is a closely held corporation, with one-half of the stock being owned by Maples and wife and the other half by William Thomas and wife. In May 1964, the corporation, acting through Thomas as vice president, executed a lease of approximately one-half acre of this tract to Dudley Maples for a period of ten years "at $100 per month to be paid if and when Maples Gas has enough money to pay." On this one-half acre Maples does business as an independent gasoline distributor. There is an old house in poor repair used as an office, and a number of gasoline storage tanks, several of which are not in operation. Five tanks, elevated off the ground on a steel framework, are used for storage of gasoline prior to distribution by Maples. Maples has the right to remove these tanks.
On this record we think that the instrument of May 1964 is sufficient to create a leasehold estate in Maples. Both he and Thomas testified that Maples occupied the land as lessee under this instrument. A lease is a conveyance of an estate in real property for a limited time with conditions attached. 51C C.J.S. Landlord and Tenant § 202(3) (1968). The obligation to pay the stipulated rental is not a condition precedent to the effectiveness of this lease. Moreover, rent is a normal but not an essential incident of the relationship of landlord and tenant. 49 Am.Jur.2d, Landlord and Tenant, § 514 (1970).
Where an entire leasehold estate is condemned, as is the case here, the lessee's damage is the present value of the unexpired leasehold (the value of his contract), less the rents due under the terms of the contract. Lee v. Indian Creek Drainage District, 246 Miss. 254, 148 So.2d 663 (1963).
Expenses incurred by a lessee and by an owner of real property in removing his property from the demised premises because of condemnation are generally considered not recoverable as an element of damages. Annot., 3 A.L.R.2d 286, 312 (1949); Annot., 69 A.L.R.2d 1453 (1960); 4 Nichols on Eminent Domain § 14.2471 (3d ed. 1962); 1 Orgel, Valuation under Eminent Domain § 69 (2d ed. 1953). However, Mississippi State Highway Comm'n. v. Rogers, 242 Miss. 439, 136 So.2d 216 (1961), held that evidence offered by a landowner of the cost of moving personal property was competent, not as constituting a basis for a separate verdict independent of comparative values, but as bearing upon and tending to show the accuracy or inaccuracy of such comparative values as estimated by other evidence; and that the cost of moving should be considered with all of the evidence "so that the jury in their considerations may estimate the before value and the after value." In short, in this jurisdiction the cost of moving cannot be considered as a separate substantive element of damages, but may be considered insofar as its effect upon the market value of the lease is concerned.
Accordingly, evidence directed specifically toward the actual cost of moving Maples' gasoline storage tanks to other land in the general area of the leasehold estate is admissible, not as a separate item of damages, but as bearing upon the market value of the unexpired portion of the lease. There is no substantive distinction between evidentiary consideration of the moving expenses of an owner and a lessee whose interest is taken by eminent domain. The indemnity rather than the unit valuation approach has been urged by several scholars, but changes in this respect are essentially legislative and not judicial tasks. See Johnston, Just Compensation for Lessor and Lessee, 22 Vand.L.Rev. 293 (1969); Note, Eminent Domain Valuations in an Age of Redevelopment: Incidental Costs, 67 Yale L.J. 61, 76 (1957). The Federal Aid Highway Act of 1968, 23 U.S.C.A. section 501 et seq. and Mississippi Laws 1970, SB 1831, Advance Sheet 2, page 44, *338 both contain administrative provisions for relocation assistance. However, the rule adopted in the Rogers case as to moving costs and applied here is more consistent with the judicial use of descriptive evidence as bearing upon the overall valuation of land taken by eminent domain. Mississippi State Highway Comm'n. v. Hillman, 189 Miss. 850, 198 So. 565 (1940). Accordingly, evidence as to cost of moving by the lessee is admissible, but only as bearing on the overall value of the unexpired portion of the leasehold.
Appellee's instruction on record page 271 measures Maples' damages by the fair market value of the unexpired portion of his lease, less the rentals he would otherwise have to pay, "and plus the reasonable cost of moving his equipment to another location." This instruction is error because the cost of moving is not a separate item of damages. Moreover, the "increased cost of operation after moving" and loss of profits are not proper elements of damages. Mississippi State Highway Comm'n. v. Ladner, 243 Miss. 139, 137 So.2d 791 (1962). Yet the trial court erroneously admitted evidence of this kind over objection by appellant. Further, the trial court erred in permitting the jury to consider as evidence the sales prices of noncomparable properties through the testimony of witnesses for appellees. Mississippi State Highway Comm'n. v. Valentine, 239 Miss. 890, 124 So.2d 690 (1960).
Reversed and remanded.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.