246 So.2d 512 (1971)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
Lavelle McARN et al.
No. 46203.
Supreme Court of Mississippi.
April 5, 1971.
*513 A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, Zachary, Weldy & Ingram, Hattiesburg, for appellant.
Broom & Singley, Columbia, for appellees.
INZER, Justice:
This is an appeal by Mississippi State Highway Commission from a judgment of the Circuit Court of Marion County awarding appellees Lavelle McArn and his wife Charlene McArn, $32,000 as damages for the taking of .72 acres of land for highway purposes. We affirm.
Prior to the taking, appellees owned a four acre tract of land located on the east side of State Highway No. 13 about .4 mile north of the corporate limits of the City of Columbia. This property fronted a distance of 420 feet on the highway and the taking extended east a depth of 103.5 feet on the north side and 80.7 feet on the south side. After the taking the remaining property fronted a distance of 408 feet on the highway. Located upon this property was a modern three bedroom residence in which appellees resided and upon that part of the land taken there was a grocery store operated by Mr. McArn. The building in which the grocery store was operated was a practically new 40 x 60 foot steel building with a brick and glass front. It had a paved parking lot for customers, a well and a septic tank. In the store in addition to the stock of goods, there was a walk-in cooler, a meat display case, two frozen food boxes, a dairy cooler, and a produce display cooler. Also located on the land was a sign and a sidewalk in front of the store.
Mr. James W. Matthews, an appraiser for the highway department, testified that in his opinion the fair market value of the entire tract before the taking was $39,650, and its value after the taking was $25,200, for a difference of $14,500, which in his opinion was due compensation. In arriving *514 at these figures he stated that in his opinion before the taking the residence had a value of $20,000; the four acres of land, $6,400; grocery store building, $12,000; parking lot, $1,000; two signs, $250; making a total of $39,650. He stated that after the taking the residence was worth $20,000; the remaining land $5,200, for a total of $25,200. He did not consider the fact that the land taken had a well and septic tank thereon because in his opinion it did not add anything to the value of the land taken. He did not attribute any damage to the remainder of the property by virtue of the loss of the 12 foot frontage on the highway nor did he attribute any damage for the removal of stock of goods and fixtures from the premises.
Mr. Richard Ball, a qualified real estate appraiser, testified on behalf of the landowners and in his opinion, the fair market value of the entire tract before the taking was $71,199, and its fair market value after the taking was $35,030, resulting in a damage of $36,169, which in his opinion was fair compensation for the taking.
The jury after viewing this property assessed the appellees' damages at $32,000, and a judgment was entered accordingly. Appellant assigns as error the following: (1) cost of removal of personal property is not an element of damage in an eminent domain proceeding; and (2) the verdict of the jury in the amount of $32,000 is excessive and contrary to and against the overwhelming weight of the evidence.
Mr. McArn was allowed to testify over the objection of the appellant that in his opinion it would cost him approximately $4,100 to remove the stock of goods and store fixtures from the premises. This included the damage that in his opinion would result from breakage and other damage that ordinarily occurs in moving this type of property. Appellant does not contend that Mr. McArn would not incur expense in moving the personal property from the premises, but relies upon the general rule that the landowner cannot recover expenses incurred in removing personal property from the premises taken for public use. However, we pointed out in Mississippi State Highway Commission v. Rogers, 242 Miss. 439, 136 So.2d 216 (1961), that Mississippi Constitution § 17 (1890) provides that private property shall not be taken or damaged for public use except on due compensation being first made, and that Section 2760, Mississippi Code 1942 Annotated (1956), in part states:
The defendant is entitled to due compensation, not only for the value of the property to be actually taken as specified in the application, but also for damages, if any, which may result to him as a consequence of the taking * * *.
Consequently, we held that evidence of the cost of removal of personal property there involved was competent not as a basis for a verdict or a judgment, separate and independent of comparative value, but only as a bearing on the accuracy or inaccuracy of such comparative values as estimated by other evidence responsive directly to the before and after rule. The expense incurred by the landowner in removing the personal property in this case was a consequence of the taking and was an element of damage. The danger in admitting testimony as to specific items of damage is that it could result in the pyramiding of damages by the jury, but it is competent when related to the before and after value and not as a basis for a separate verdict. The appraiser for the commission did not consider the cost to be incurred by the landowner in the removal of the stock of goods and fixtures from the premises in arriving at his before and after values. The appraiser for the landowner, when asked on cross examination, said that in arriving at the before and after value he considered as an element of damage to the landowner the fact that he had to remove from the premises the walk-in cooler, meat display cases, a frozen food case and a produce display case. He arrived at his figures by giving his opinion of the value of these items in *515 place before the taking and their value after the taking due to the fact that the landowner would have to remove them from the premises. This testimony was brought out by the appellant on cross examination and no motion was made to exclude it and no request was made that the court instruct the jury to disregard this testimony. However, the trial court did instruct the jury at the request of appellant that in arriving at the due compensation for the defendant it could not consider the removal of the personal property. We are not called upon to decide whether this instruction should have been given in the form it was written.
Appellant in urging that the evidence in this case does not support the verdict of the jury, points out that the appraiser for the landowner testified that in his opinion the value of the residence was reduced by the taking. It is argued that the value of the residence could not be affected by the taking because it was not taken or damaged. The appraiser for the commission and the appraiser for the landowner both valued the residence separately in arriving at the before and after value of the property. The appraiser for the commission testified that in his opinion the value of the residence was not affected by the taking and in his opinion the remaining land was not depreciated by the taking. The rule is well established in this state that when a part of a tract of land is taken the owner is entitled to be awarded the difference between the fair market value of the whole tract immediately prior to the taking and the fair market value of the remaining tract immediately after the taking without considering the general benefits or injuries resulting from the use to which the land is to be put that are shared by the general public. Included in this formula is all damages resulting from the proper use of the land taken, this includes the fair market value of the land taken and if the taking affects the fair market value of the remaining property, it is likewise included in the formula. In this case, it was a question for the jury to determine whether the remaining property was damaged by virtue of the taking. All facts as to the condition of the property, its surroundings, its improvements tending to depreciate the value of the remaining property was competent. In arriving at the before and after value, a witness may testify as to any injuries which depreciate the value of the remaining land provided the witness connects such injuries with the before and after value and considers them not as a specific item of damage but bearing on such market value. Swett v. Miss. State Highway Commn., 193 So.2d 596 (Miss. 1967); Miss. State Highway Commn. v. Stout, 242 Miss. 208, 134 So.2d 467 (1961); and Miss. State Highway Commn. v. Hillman, 189 Miss. 850, 198 So. 565 (1940). In this case the appraiser for the landowner gave his opinion as to the fair market value of the entire tract before the taking. In reaching this evaluation he explained in detail the various items he took into consideration in arriving at those values. In arriving at the evaluation of the remaining property after the taking, he was of the opinion that the fair market value of the residence had been affected by the taking and explained the reason for his opinion. This testimony was competent and could be considered by the jury in arriving at its verdict.
While the judgment in this case is large and perhaps larger than we would have awarded had we been the trier of the facts, we cannot say that the verdict of the jury is not supported by the evidence or that it is against the overwhelming weight of the evidence.
For the reasons stated we are of the opinion that this case should be and is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, BRADY and HARPER, JJ., concur.