271 So.2d 725 (1972)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
Bill RIVES et al.
No. 46858.
Supreme Court of Mississippi.
November 27, 1972.
Rehearing Denied January 29, 1973.
Henry C. Wood, Louisville, for appellant.
J. Hoy Hathorn, Louisville, for appellee.
BROOM, Justice:
The appellant herein filed an application with the Circuit Clerk of Winston County, Mississippi, on the 5th day of February, 1971, to organize a special court of eminent domain for the condemnation of 11.13 acres of land owned by Bill Rives and wife, Eleanor B. Rives. After trial of the case in the special court, it was by the highway commission appealed to the Circuit Court of Winston County. There a jury returned a verdict of $45,000, from which verdict the highway commission has appealed to this Court.
It appears that the highway commission had need of appellees' land in order to construct *726 a bypass for State Highway No. 15 at Louisville, Mississippi. The project would require taking of the 11.13 acres of land out of a total acreage of 31 acres which belonged to appellees and through which the new construction would run. In the project the right-of-way would traverse appellees' land and would leave 2.47 acres on the west side of the proposed bypass and 16.4 acres on the east side thereof. Included in the total tract were certain lands described as high ground and other land described as low ground. The sawmill and lumber yard of appellees were situated upon the high ground, which ground was to be used in the proposed construction.
Two witnesses testified for the highway commission, including a resident engineer and a staff appraiser. The resident engineer testified that the appellees would have sufficient area and terrain to relocate and operate the sawmill on the remaining portion of the tract after the taking. The staff appraiser indicated in his testimony that the highest and best use of the subject land was for industrial purposes. He also testified that he had consulted local brokers; that he had checked on recent land sales in the area, and then determined which sales were comparable to the tract of land in question. In his computation of before and after values, he divided the land of appellees into two tracts and appraised it as two different types of land. He appraised the west half on the basis of $1,000 per acre or $15,000 total, and the east half he appraised at $300 per acre or a total of $4,500. He placed a value of $3,525 on the office building and millshed. On cross-examination the staff appraiser, Jack Weatherford, testified that a two acre tract across the highway from the land in question in the year 1970 sold for a total of $5,000 or $2,500 per acre.
The appellees produced several witnesses who testified concerning the before and after value of the land. Two witnesses testified in behalf of the appellees as to the cost of moving certain personal property located upon the land, which testimony was admitted over the objection of the appellant.
There was a wide range from the lowest to the highest damages arrived at by the various witnesses who testified for appellant and appellees. This testimony is summarized as follows, to-wit:

For the Appellant: Before taking: After taking: Damages
 Jack Weatherford $23,025.00 $ 3,750.00 $19,275.00
For the Appellees:
 Otis Bridges 65,950.00 23,740.00 42,210.00
 Jimmy McMillin 48,500.00 9,997.00 38,503.00
 Jack Warner 62,000.00 16,000.00 46,000.00
 Bill Rives 65,000.00 20,000.00 45,000.00
 Quay Oswalt (Estimate moving lumber  $9,600.00)
 (Estimate moving mill  $5,000.00)
 14,600.00
 Terry Reynolds (Actual figures, lumber $8,500.00)
 (Actual figures, mill $1,500.00
 not set up) 10,000.00

The first assignment of error and point argued by appellant, Mississippi State Highway Commission, is as follows:
The trial court committed reversible error in permitting appellee to introduce evidence relative to the relocation cost of personal property situated upon the land condemned for public use before appellee had exhausted his administrative remedy under section 8023.5-01 through 8023.5-10 of the Mississippi Code of 1942, Recompiled, as amended.
Appellant relies in this part of its argument upon Mississippi Code 1942 Annotated *727 section 8023.5-01 through 8023.5-10 (Supp. 1972) which became in force and effect from and after July 1, 1970, which legislation is commonly referred to as the "Relocation Assistance Program Act."
The thrust of the argument of appellant under Point I of its argument is that appellees, under the aforesaid code sections, supra, should have first exhausted their administrative remedy provided therein for recovery by them of the cost of relocating their personal property upon the subject land. In this connection it is noted that prior to institution of the eminent domain proceedings herein, the Mississippi State Highway Commission offered to appellees a package deal consisting of the total sum of $26,525.00 as compensation for all damages of the appellees, which included $19,275.00 for taking of the land in question and the further sum of $7,250.00 for moving the personal property situated upon the land. As indicated in the record, it was a package deal and "they [appellees] couldn't accept the one without the other." There is no indication in the record that after receiving this offer the appellees did anything to pursue their administrative remedy, if any they had, pursuant to said legislative act, supra.
As noted by appellant in its brief, Mississippi Code 1942 Annotated section 8023.5-04 (Supp. 1972) provides as follows, to-wit:
Payments and allowances. (A) Payments for Actual Expenses: As a part of the cost of construction the State Highway Department may compensate a displaced person for: (1) Actual reasonable expenses in moving himself, his family, business, farm operation, or other personal property; (emphasis added) (2) Actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation, but not to exceed an amount equal to the reasonable expenses that would have been required to relocate such property, as determined by the head of the department; and (3) Actual reasonable expenses in searching for replacement business or farm.
Subsection 07 of the Act empowers the Director of the State Highway Department to adopt rules and regulations to carry out the provisions of the aforesaid "Relocation Assistance Program Act." Subsection 09 thereof provides for appeals by any aggrieved person included in the terms of said "Relocation Assistance Program Act."
Appellees contend that subsection 08 of the Act, supra, controls here. They argue that said subsection 08 so operates as to leave within the scope of evidence and verdicts in the trial of eminent domain proceedings, the question of compensation for damages incurred by a landowner on account of having to remove from his condemned lands his personal property. Subsection 04, supra, indicates that payments for actual expenses may (emphasis added) include among other things "moving ... personal property." Thus it would seem that subsection 04 on its face might entitle, and possibly require, appellees to initially seek compensation for moving their personal property through administrative procedures of subsection 07 of said Act, supra, unless such damages are included in subsection 08 of said Act, which subsection concludes with the following language: "... but such payments shall be considered only as additives to due compensation otherwise provided by law."
This question raised by appellant herein is the first time this Court has been called upon to construe the "Relocation Assistance Program Act," supra. In deciding whether or not the contention of appellant in Point I of its first assignment of error is well taken requires holding whether or not under said Act testimony as to the cost of moving of tangible personal property from the land of appellees was properly admissible in the trial below. We hold on this question in the affirmative. This Court in Mississippi State Highway Commission *728 v. McArn, 246 So.2d 512, 514 (Miss. 1971) stated that it had:
... pointed out in Mississippi State Highway Commission v. Rogers, 242 Miss. 439, 136 So.2d 216 (1961), that Mississippi Constitution § 17 (1890) provides that private property shall not be taken or damaged for public use except on due compensation being first made, and that Section 2760, Mississippi Code 1942 Annotated (1956), in part states:
The defendant is entitled to due compensation, not only for the value of the property to be actually taken as specified in the application, but also for damages, if any, which may result to him as a consequence of the taking * * *
McArn, supra, went further to say that in Rogers, supra, the Court had:
... held that evidence of the cost of removal of personal property there involved was competent not as a basis for a verdict or a judgment, separate and independent of comparative value, but only as a bearing on the accuracy or inaccuracy of such comparative values as estimated by other evidence responsive directly to the before and after rule. The expense incurred by the landowner in removing the personal property in this case was a consequence of the taking and was an element of damage.
We hold that subsection 08, supra, of the "Relocation Assistance Program Act" in effect leaves within the purview of eminent domain proceedings (as the law was when said Act became effective April 9, 1971) questions of evidence and damages incurred by the landowner in removing his personal property from his condemned land. Admittedly, this may seem to conflict with the provisions of subsection 04, supra, which on its face would authorize payments for expenses incurred in moving personal property, among other things, upon application for same through appropriate administrative proceedings, which after exhausting the same could be submitted on appeal to the appropriate circuit court. Inasmuch as subsection 08 comes after and is subsequent to subsection 04 of said Act, supra, we hold that the legislative intent expressed by said subsection 08 and gleaned from the entire Act would be controlling. Coker v. Wilkinson, 142 Miss. 1, 106 So. 886 (1926). Therefore, so far as said relocation assistance program is concerned as provided in said code sections 8023.5-01 through 8023.5-09, supra, the court below did not commit reversible error by receiving into evidence and permitting the jury to consider testimony concerning the expense of the appellees in removing their personal property from their land in question. We here hold that the legislative intent as expressed in said Act, supra, when considered in its entirety, was that the Act would provide compensation for items not previously provable or recoverable as damages in an eminent domain proceeding. This seems clear because said subsection 08, supra, concludes "but such payments shall be considered only as additives to due compensation otherwise provided by law." Clearly, under the Rogers case, supra, and the McArn case, supra, damages for removing personal property were allowable when proven under the opinions of this Court in said cases handed down prior to the effective date of said Act, supra. We make no adjudication with reference to any other administrative rights or remedies provided for in said Act.
The second assignment of error of appellees was that the trial court erred in admitting into evidence testimony by witnesses for appellees concerning relocation costs when such evidence "was clearly not related nor connected with the before and after value test established as the guide in determining due compensation in eminent domain cases." Indeed, one witness, Oswalt, testified that the cost of removing 800,000 feet of lumber from the land in question would be $9,600 and that it would also cost at least $5,000 to move the mill. *729 This witness while on the stand was not questioned at all concerning the before value or the after value of the entire tract of land or the remaining land after the taking. Another witness, Reynolds, testified for appellees that the cost of moving the lumber from the land in question was $8,500 and that the sum of $1,500 at that time had been expended in moving the sawmill. Likewise, this witness did not testify as to the before and after land values. Is it necessary that every witness who testifies to the cost of moving personal property must also testify as to the before and after value of the realty? The answer is negative. This question has been adjudicated and answered by this Court in the opinion rendered in the case of Mississippi State Highway Commission v. Strong, 240 Miss. 756, 765, 129 So.2d 349, 352 (1961) wherein we held, among other things, that:
The "before and after" rule, however, does not mean that each witness must give a before and after valuation of the property; because some witnesses may know the fair market value of the property before the taking, and not know the fair market value of the property after the taking, and vice versa. Again a witness may not know the overall valuation of the property before and after the taking, but may know, for example, the value of a fence... .
Therefore, we hold that the trial court did not err in allowing the testimony pertaining to the cost of moving personal property even though the witnesses who gave such testimony did not testify as to the before and after value of the land.
In its third assignment of error the appellant states that the trial court erred in allowing evidence of relocation expense incurred by appellees and at the same time allowing him to preserve his right to claim benefits under the relocation assistance program, Mississippi Code 1942 Annotated sections 8023.5-01 through 8023.5-10, supra, contending that the allowing of this would be to permit appellees to compound or pyramid their damages. Suffice it to say that obviously in any related proceedings to collect compensation, the appellees may not again recover for any items proven at the trial below or for which appellees shall have been paid, or which were included in the verdict rendered in the trial of this case such as the cost for removing personal property. The judgment of the lower court would be res judicata and bar any attempt to collect more than once for any item.
In its fourth assignment of error the appellant states that the trial court committed reversible error in permitting evidence from a witness using a two acre tract of land as being comparable to a thirty acre tract. Since this assignment was not included in appellant's motion for a new trial filed in the court below, we hold that this question has been waived and the same will not be considered on this appeal. Mercier v. Davis, 234 So.2d 902 (Miss. 1970).
Finally, in its fifth assignment of error the appellant urges that the trial court erred in not setting aside the verdict of the jury because the amount thereof was so excessive as to shock the conscience of a normal mind and was not supported by a preponderance of credible evidence. While it may be true that the verdict is large, from the record before us we are unable to say that it is so large that it is shocking to the conscience or that it is not supported by a preponderance of the evidence.
Accordingly, we find no reversible error and the case is affirmed.
Affirmed.
RODGERS, P.J., and JONES, INZER and SUGG, JJ., concur.