BROOM, Justice,
for the Court:
Eminent domain proceedings instituted by the appellant, Mississippi State Highway Commission (Commission herein) condemning certain land of Marvin Waller and wife, Mrs. Mary Waller (landowners, appellees) went to judgment in a special court in Lafayette County. The jury (as instructed) returned two verdicts: one for $36,700 damages related to the land taking, and another for $15,000 representing relocation assistance pertaining to appellees’ anticipated expense to acquire another dwelling house. Upon the motion of the landowners (appellees) below, the trial judge entered an additur of $10,000 to the award of damages (land taking) and the Commission appeals.
The threshold question is: Under the “Relocation Assistance Law” [Miss. Code Ann. § 43-39-1, et seq. (Supp.1977)], is it proper in an eminent domain trial for land condemnation to allow introduction of evidence pertaining to housing replacement cost for landowners displaced from their dwelling?
16.22 acres of appellees’ land were taken by the Commission in order to enlarge Mississippi Highway 6 from two lanes to four lanes between Batesville and Oxford. Traversed by the highway, lands of appellees are approximately one hundred seventy-five acres. The taken land measures approximately 170 feet in depth and about 3900 feet in length along the south side of the present Highway 6 right-of-way. On their property the appellees conducted a farming operation, and their dwelling house is situated on the condemned strip. Prior to filing its eminent domain action, the Commission offered appellees a sum of money for the condemned property (amount not clear in record) and, as a condition of the package offer, $14,475 was offered appellees for replacement housing under the Relocation Assistance Law as set forth in Mississippi Code Annotated § 43-39-1, et seq. (Supp.1977) [formerly §§ 2749-71 to 2749-35 Code of 1942], After the appellees refused the *757 package offer and agreed to accept only part of the package: $14,475 for replacement housing, the Commission withdrew its entire offer and filed its eminent domain application.
As is usually the case, there was a wide range from the lowest to the highest damages arrived at by the witnesses who testified for the Commission and landowners. This testimony is summarized as follows:
For the Commission: Before taking: After taking: Damages
Bobby L. Cloud $ 97,300.00 [$ 68,850.00] $28,450.00
Mike M. McGee 182,555.00 [ 145,840.00] 36,715.00
For the Landowners:
Marvin Waller (Condemnee) 200,000.00 110,000.00 90,000.00
Toxey T. Fortinberry 218,800.00 148,000.00 70,800.00
Cecil L. Mitchell 120,483.17 [ 50,222.99] 70,260.18
The figures in brackets were not specifically set out in the witnesses’ testimony, but were calculated by subtracting the damages from the before taking values, which were specified by the witnesses.
IS RELOCATION ASSISTANCE (HOUSING REPLACEMENT COST) A PROPER ELEMENT OF DAMAGES TO GO TO THE JURY IN AN EMINENT DOMAIN ACTION? Relocation assistance as provided for in Mississippi Code Annotated § 43-39-1, et seq., was adopted in 1972 to comply with the Uniform Relocation Assistance in Real Property Acquisition Policies Act of 1970, adopted by Congress, which Act was applicable to direct federal and federally aided highway programs. This Act attempted to set out fair and equitable treatment of those displaced by acquisition of private property for federally funded projects. Relocation assistance takes many forms, including moving expenses for the dislocated person, his family, business, farm operation, his personal property, replacement housing for a home owner displaced from his dwelling, replacement housing for tenants, relocation assistance and advisory services.
Specifically, we are concerned here with that portion of the Relocation Assistance Act which provides in Mississippi Code Annotated § 43-39-9(1) (Supp.1977) [formerly § 2749-74, Code of 1942] for payment of a sum of money to “any displaced person who is displaced from a dwelling actually owned and occupied by the displaced person for not less than one hundred eighty (180) days prior to the initiation of negotiations for the acquisition of the property.” The language of the statute makes the payment mandatory: “Such agency shall make . payment” (Emphasis added).
Sub-section (l)(a) of § 43-39-9 sets forth in general terms how this housing replacement payment is to be computed. Exact procedures to be followed by the Highway Commission in dealing with relocation assistance should be contained in regulations required by Mississippi Code Annotated § 43-39-17 (1972). Although these regulations are not a part of the record, they are clearly referred to in the statute. Relocation assistance must be paid displaced persons, but clearly the amount is determined by a proceeding not part of the eminent domain trial for the land taken. Of course, the landowner aggrieved by the amount offered as such assistance may, under Mississippi Code Annotated § 43-39-17(l)(c) (Supp.1977), seek review by the appropriate administrative agency. Mississippi Code Annotated § 43-39-25 (1972) provides for judicial review for the landowner “aggrieved by a final administration determination . .” In the present case there is no issue as to the appellees’ eligibility for relocation assistance, and that point is not here argued. Made clear in the record is another fact as testified to by witness Dye (official of the Commission): No final offer has *758 been made the landowners for relocation assistance. After such an offer is made (witness Dye stated in the record that it will be made), it may be accepted or appealed from by the landowners.
Whether relocation assistance is properly an element of damages in an eminent domain action is controlled by the final Code section of the “Relocation Assistance Law” in our Code.
§ 43-39-27 states:
Nothing contained in this chapter shall be construed as creating in any condemnation proceedings brought under the power of eminent domain any element of value or damages not in existence immediately prior to July 1, 1972, but such payments shall be considered only as additives to due compensation otherwise provided by law. (Emphasis added.)
The plain wording of this statute appears to preclude the inclusion of any form of relocation assistance as an element of damages in an eminent domain proceeding unless such was an element of value or damages in such proceedings prior to the date this chapter became law (July 1, 1972).
Mississippi State Highway Comm’n v. Rives, 271 So.2d 725 (Miss.1972), so interpreted § 43-39-27. In Rives the question was whether or not evidence of relocation cost of personal property (compensable under the Relocation Assistance Act) was properly admissible in eminent domain proceedings. The Rives decision discussed Mississippi State Highway Comm’n v. McArn, 246 So.2d 512 (Miss.1971), which held that the expense incurred by a landowner in removing personal property was a consequence of the taking and an element of the damage. Citing § 8023.5-08 [now § 43-39-27], we held in Rives that inasmuch as such evidence was an element of damage in an eminent domain proceeding prior to the passage of the Relocation Assistance Law, it was clearly an exception to the exclusionary portion of § 8023.5-08 and admissible in evidence. Rives further stated:
We here hold that the legislative intent as expressed in said Act, supra, when considered in its entirety, was that the Act would provide compensation for items not previously provable or recoverable as damages in an eminent domain proceeding. (271 So.2d at 728).
The question now becomes: Was the Wallers’ cost of obtaining replacement housing a recognized element of damages in eminent domain proceedings prior to the effective date of the Relocation Assistance Law (July 1, 1972)? This Court has never held that such cost is an element of damages in eminent domain cases. Therefore, under § 43-39-27 the lower court’s allowing the jury to receive evidence pertaining to the cost of obtaining new housing for the appellees was error. Likewise, it was error to permit appellees to amend their statement of values so as to include a claim for such cost. We now hold that in cases like the one presented here, where the condemn- or and condemnee cannot agree upon replacement housing damages under “the Relocation Assistance Law,” such issue is an administrative matter (subject to judicial review) and shall in no wise be an issue in an eminent domain trial for the taking of land. Therefore, we reverse as to the $15,-000 judgment for relocation expense which is vacated and cancelled.
DID THE TRIAL JUDGE ERR IN GRANTING A NEW TRIAL OR, IN THE ALTERNATIVE, AN ADDITUR OF $10,-000 TO THE AMOUNT AWARDED AS COMPENSATION FOR THE TAKING OF APPELLEES’ LAND? The appellant argues that the additur was unreasonable and that it was erroneously entered.
By granting the additur, the lower court in effect offered the appellant the option of paying $46,700 for the taking of appellees’ land, or trying the case again. We note that the figure of $46,700 is well below the highest estimates of just compensation as testified to by witnesses who appeared for the appellees. The rule which we follow in deciding whether the trial judge erred in ordering an additur or new trial is stated in the recent case of Dorris v. Carr, 330 So.2d 872 (Miss.1976). There we held that “the focus is upon the trial judge’s *759 action and not upon the jury’s action.” As stated in Dorris, we cannot reverse the trial judge in ordering an additur or new trial unless “it is manifest that the trial judge abused his discretion.” In view of the testimony referred to, it cannot be said here that the trial judge manifestly abused his discretion in ordering the additur or new trial.
Upon the peculiar facts of this record, we now hold that it was error for the trial court to allow the jury to consider the cost of obtaining new housing. Therefore, the jury’s verdict, and judgment which awarded appellees $15,000 for relocation housing assistance, is stricken and set aside. If the appellant accepts the $10,000 additur within fifteen days after this judgment becomes final, the case will be affirmed as to the $46,700 representing damages to the appel-lees for the taking of their land and judgment will be entered here for that amount. Should appellant not accept the additur, the case will be remanded for a new trial consistent with this opinion.
We reverse only as to the verdict and judgment appealed from awarding appel-lees $15,000 as relocation assistance without prejudice to the right of the landowners to pursue their administrative remedy as to that aspect of the case. As to said relocation assistance, at oral argument the Commission specifically conceded that the landowners have not waived any of their rights.
REVERSED IN PART AND AFFIRMED IN PART.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, LEE and BOWLING, JJ., concur.