WENTWORTH, Judge.
Appellant seeks review of a Department of Transportation order by which its outdoor advertising sign was determined to be illegal, and was ordered to be removed. Appellant raises several issues on appeal: 1) whether the Department’s petition should have been dismissed as it failed to designate federal-aid primary highways by rule; 2) whether appellant was improperly found in violation of a statute not charged against it; 3) whether the department adhered to its rules in measuring the distance between appellant’s sign and the Naegele sign; 4) whether appellant’s sign violates section 479.11(1); and 5) whether appellant’s sign violates section 479.07(9)(a)2. We find that the distance between appellant’s sign and the Naegele sign was not measured in accordance with agency rules, and reverse on that point. We affirm as to all other issues raised.
The Department notified appellant that its sign, located adjacent to Southside Boulevard approximately 346 feet from the intersection of Southside and Atlantic boulevards in Jacksonville, was in violation of section 479.07(1) because it had not been properly permitted, and obtained a stop work order to halt construction of the sign. Appellant requested an administrative hearing. Following issuance of a notice of hearing, appellee filed a motion for order clarifying issues, specifically alleging that appellant’s sign violated section 479.07(1), requiring a state permit, and section 479.-07(9)(a)2, which provides for spacing requirements between signs located on federal-aid primary highways. Following the hearing, the hearing officer entered a recommended order finding that Atlantic Boulevard, to which appellant’s sign was adjacent, is a federal-aid primary highway, that appellant’s sign was within 660 feet of and visible from Atlantic Boulevard, was approximately 300 feet from and on the same side of the road as the validly permitted Naegele sign, and that appellant, although having properly obtained a permit from the City of Jacksonville, had failed to obtain a state sign permit. The hearing officer concluded on the basis of section 479.07(9)(a)2, which prohibits issuance of a permit for any sign not permitted by July 1, 1984, unless the sign is located at least 1000 feet from any other permitted sign on the same side of a federal-aid primary highway, that a state sign permit could not be issued to appellant, and appellant’s sign would have to be removed. The agency’s final order adopted the recommended order in total and ordered the sign removed.
Section 479.01(5), Florida Statutes, defines federal-aid primary highways as “the ... system of highways ... designated as the federal-aid primary highway system by the Department.” The Department has not implemented a rule specifically designating the highways or enumerating criteria by which the highways are designated. The U.S. Department of Transportation, pursuant to 23 U.S.C. sec. 131(f), has authority to finally approve state recommendations for federal-aid primary highways. Because federal statutes and regulations control the final designation of these highways, we do not believe the Department has a duty to designate the highways by rule. The highways are designated on a map approved by the Federal Highway Administration and used by the Florida Department of Transportation. Evidence produced at the hearing showed that Atlantic Boulevard has been designated as a federal-aid primary highway since at least 1984, when the Federal Highway Administration last approved the map.
Section 479.11(1) provides:
No sign shall be erected, used, operated or maintained:
1) within 660 feet of the nearest edge of the right-of-way of any portion of the interstate highway system or the federal-aid primary highway system, except as provided in ss. 479.111 and 479.16.
The agency did not find appellant in violation of section 479.11(1). Instead, the location of appellant’s sign within 660 feet of the federal-aid primary highway provided a predicate, under that statute, for the agency’s determination that appellant’s sign *386 was in violation of sections 479.07(1) and 479.07(9)(a)2. The agency made reference to section 479.11(1) only to establish its jurisdictional and regulatory control of the area in which appellant’s sign was located, and to establish that appellant’s sign was “on” a federal-aid primary highway. An agency’s construction of a statute it administers is entitled to great weight and is not to be overturned unless clearly erroneous. Barker v. Board of Medical Examiners, 428 So.2d 720 (Fla. 1st DCA 1983). The agency was entitled to define “on” a federal-aid primary highway by reference to the spacing requirement of section 479.11(1).
Appellant contends that because its sign was located in an area zoned as commercial intensive, section 479.111(2), an exception to 479.11(1), should apply. Section 479.111(2) provides that signs in commercial-zoned areas and within 660 feet of the nearest edge of the right-of-way of a federal primary highway are allowed, subject to requirements of an agreement between the state and the United States Department of Transportation. The agreement provides, under Rule 14-10.009(2), Florida Administrative Code, that two signs located within the 660-foot controlled zone must be at least 500 feet apart if they are on the same side of the highway and facing the same direction. Appellant asserts that its sign and the Naegele sign are not facing the same direction, and this section should apply. However, the Department did not find appellant in violation of section 479.11(1), and this exception would not apply. Even if appellant were able to show that its sign qualified for the exception, it would have been required to have a permit for the sign under section 479.07(1), and the Department still would have been able to find the sign ineligible for a permit under the section 479.07(9)(a)2 spacing requirement. Once the Department established that appellant’s sign was “on” a federal-aid primary highway, whether appellant qualified for the section 479.111(2) exception was irrelevant to its ineligibility for a permit under the spacing requirements of section 479.07(9)(a)2, and to the section 479.07(1) requiremient that a sign erected on any portion of the federal-aid primary highway must have a permit.
Testimony in the record by the Department’s inspector indicated that she did not measure the distance between the Nae-gele sign and appellant’s sign in accordance with Rule 14-10.006(l)(b)8, Florida Administrative Code, which provides that “the minimum distance between structures shall be measured along the nearest edge of the pavement between points directly opposite the part of the sign nearest the pave-ment_” A fair measurement of the distance between the signs could be made only if lines drawn from the two signs to form the two points on Atlantic Boulevard were parallel. There is no indication in the record that the inspector located the two points by way of lines which intersected Atlantic Boulevard at right angles. The inspector’s testimony further indicated that she improperly used an odometer wheel in measuring the distance between the signs, rather than the 100-foot tape which the notice of violation states must be used to measure distances under 1500 feet. We therefore reverse, and remand for a determination of the distance in accordance with the appropriate rules.
The order is accordingly reversed.
SMITH, C.J., and JOANOS, J., concur.