557 So.2d 233 (1990)
SKIFF'S WORKINGMAN'S NURSERY, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. 89-0676.
District Court of Appeal of Florida, Fourth District.
February 28, 1990.
*234 Emilie M. Tracy of Platt, Haas, Landsman and Gabriel, P.A., Fort Lauderdale, for appellant.
Gregory G. Costas and Thomas H. Bateman, III, of the Dept. of Transp., Tallahassee, for appellee.

ON REHEARING
GARRETT, Judge.
We grant appellee's motion for rehearing and substitute the following opinion:
Appellant, Skiff's Workingman's Nursery (Skiff's) appeals a Department of Transportation (DOT) order denying reimbursement of impact fees.
In 1981 DOT notified Skiff's that due to the federally assisted construction of I-595 the nursery business would have to be relocated. DOT agreed to pay all costs of relocation permitted by section 421.55[1], Florida Statutes (1981). Skiff's moved to a new location in Coconut Creek, Broward County, and paid $37,386.20 in impact fees to obtain a plat and building permit. DOT denied the impact fees reimbursement claim. Florida's Division of Administrative Hearings issued an order recommending payment of the impact fees to which DOT filed exceptions. Florida's Secretary of Transportation (Secretary) rejected the hearing officer's recommendations and denied reimbursement of the impact fees. This appeal followed.
The Secretary relied on Department of Transportation v. Reddy Ice, DOAH Case No. 87-4590 (6/7/88), which adopted the Federal Highway Administration's interpretation that impact fees were operating expenses, and therefore, not reimbursable under 49 C.F.R. section 25.305(f). Reddy Ice concerned impact fees which were a prerequisite to the issuance of a relocation certificate of occupancy. The Town of Davie (Florida) where Reddy Ice relocated had an ordinance which required the payment of impact fees by any business which used a large quantity of water. The instant case concerned impact fees imposed by the city and county upon all new businesses for roadways and water/sewage. Payment was a prerequisite to the issuance of Skiff's relocation building permit.
We recognize that an administrative agency is afforded wide discretion in interpreting statutes which it administers and the agency's statutory construction is entitled to great weight, not to be overturned on appeal unless clearly erroneous. Atlantic Outdoor Advertising v. D.O.T., 518 So.2d 384 (Fla. 1st DCA 1987), rev. denied, 525 So.2d 876 (Fla. 1988). Courts must defer to a federal agency's interpretation of its governing statute that is reasonable and is not contrary to specific Congressional intent on the precise point at issue. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Permissible statutory interpretation must and will be sustained though other interpretations are possible and may even seem preferable according to some views. However, when an agency's interpretation conflicts with legislative intent, a court can decline to follow the agency's interpretation. Little Munyon Island v. Department of Environmental Regulations, 492 So.2d 735 (Fla. 1st DCA 1986).
We note that this case does not concern an agency's interpretation of its governing statute, but instead concerns an administrative body's interpretation of a regulation enacted by an agency in response to the enabling statute. The Federal Highway Administration interpreted a United States Department of Transportation's (Department) regulation which expressly provided *235 that any "license, permit, or certification required of the displaced [business] at the replacement location" is reimbursable. 49 C.F.R. 25.303(a)(6). This regulation was enacted pursuant to the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Public Law 91-646, passed by Congress to establish a uniform policy for the fair and equitable treatment of businesses who are displaced, or have their real property taken for Federal and federally assisted programs. The legislation requires that any such regulation and procedures established by the Department must be administered in a manner which is fair and reasonable. 42 U.S.C. § 4633 (1988).
We reverse. Congressional intent is clear: treat businesses who have their property taken fairly and equitably. Departmental intent is clear: permits required of displaced businesses at the replacement location are reimbursable costs. We find that the Federal Highway Administration's treatment of impact fees as an operating expense is in conflict with the clear wording of the Department's regulation. A building permit is a permit required of a displaced business at the replacement location. A certificate of occupancy is a certification required of a displaced business at the relocation location. No impact fees would have been imposed if Skiff's had remained at its former location. Skiff's had to apply for a building permit to relocate in Coconut Creek. In order to obtain a building permit Skiff's had to pay impact fees to Coconut Creek and Broward County. We further find that the Federal Highway Administration's interpretation of the Department's regulation to be unfair, unreasonable and contrary to congressional and departmental intent and that the Secretary erroneously relied on Reddy Ice.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
LETTS and WARNER, JJ., concur.
NOTES
[1] Section 421.55 was enacted in conjunction and requires compliance with the Federal Uniform Relocation Assistance and Real Property Acquisition For Federally Assisted Programs, 49 C.F.R. § 25.1 et seq. (1970).