BRIDGES, C.J.,
for the Court:
¶ 1. This ease involves an appeal of the judgment of the Tunica County Special Court of Eminent Domain, in which the trial judge ruled in favor of B & G Outdoor (B & G). The trial court required the Mississippi Department of Transportation (MDOT) to pay the cost of a replacement billboard for B & G after the land upon which the billboard was situated was taken for a highway project. MDOT appeals that ruling raising the following issue:
I. THE COURT ERRED IN CONSTRUING THE MISSISSIPPI RELOCATION ASSISTANCE LAW TO REQUIRE THE MISSISSIPPI DEPARTMENT OF TRANSPORTATION TO PAY THE APPELLEE THE COST OF PURCHASING AND INSTALLING A NEW MONOPOLE SIGN.
¶ 2. Finding no error with the trial court’s decision, we affirm.
FACTS
¶ 3. B & G Outdoor, a Tennessee corporation licensed to do business in the state of Mississippi, owned a certain billboard on land ultimately acquired by the Mississippi Department of Transportation for highway construction. MDOT offered to pay the reasonable expenses for taking down and relocating the billboard to other property, approximately $12,400. The amount offered was not objected to by B & G as being reasonable for relocating that particular billboard; however, B & G claimed that it needed at least $22,000 because it could not use the old billboard at the new location due to zoning changes. In fact, Tunica County had passed a zoning ordinance requiring all new billboards to be built on monopoles. B & G’s billboard had two poles and did not meet the new regulations. The zoning board would not allow B & G’s billboard to be “grandfathered” in.
¶ 4. MDOT refused to pay for a new monopole billboard, claiming that it would unjustly enrich B & G. B & G appealed MDOT’s final administrative determination in the Tunica County Circuit Court which reversed the decision of the MDOT and required MDOT to pay for the replacement monopole billboard. MDOT appeals, claiming that the trial court erred in so ruling and erred in construing the Mississippi Relocation Assistance Law.
¶ 5. The trial court, in its opinion, stated that strictly construed, the Relocation Assistance Law probably did not provide for MDOT to purchase the new monopole billboard. However, the circuit court continued, stating that this was an issue of first impression in the state, and that the rules and regulations most likely did not anticipate changes in zoning that would so frustrate relocation as in the instant case.
¶ 6. B & G argues that the circuit court was correct in its reasoning and final decision, and that any other ruling would amount to a taking of their property without just compensation. MDOT, on the other hand, argues that the circuit court erred when it failed to strictly construe the established law, *1275 and this Court should reverse the circuit court’s ruling and reinstate the ruling of the Mississippi Department of Transportation.
I. THE COURT ERRED IN CONSTRUING THE MISSISSIPPI RELOCATION ASSISTANCE LAW TO REQUIRE THE MISSISSIPPI DEPARTMENT OF TRANSPORTATION TO PAY THE APPELLEE THE COST OF PURCHASING AND INSTALLING A NEW MONOPOLE SIGN.
¶7. Section 43-39-7 of the Mississippi Code is part of the Mississippi Relocation Assistance Law and states in part:
(1) If a displacing agency acquires real property for public use, it shall make fair and reasonable relocation payments to displaced persons and businesses as required by this chapter for:
(a) Actual reasonable expenses in moving himself, his family, business, farm operation, or other personal property;
(b) Actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation, but not to exceed an amount equal to the reasonable expenses that would have been required to relocate such property, as determined by the agency;
(e) Actual reasonable expenses in searching for a replacement business or farm; and
(d) Actual reasonable expenses necessary to reestablish a displaced farm, nonprofit organization or small business at its new site in accordance with criteria to be established by the displacing agency, but not to exceed Ten Thousand Dollars ($10,000.00).
Miss.Code Ann. § 43-39-7(l)(Rev.l993). Section 43-39-17 of the Mississippi Code grants authority to the lead agency to promulgate regulations to carry out the provisions of the Mississippi Relocation Assistance Law. Miss.Code Ann. § 43 — 39—17(l)(a) (Rev. 1993). In this instance, the lead agency is the Mississippi Department of Transportation. To carry out the Relocation Assistance Law, MDOT has promulgated Standard Operating Procedure ROW 12-08-00-OOOB. 1.(12), which states in part:
If an item of personal property which is used as part of a business or farm operation is not moved but is promptly replaced with a substitute item that performs a comparable function at the replacement site, the displaced person is entitled to payment of the lesser of:
(a) The cost of the substitute item, including installation costs at the replacement site, minus any proceeds from the sale or trade-in of the replaced item; or
(b) The estimated cost of moving and reinstalling the replaced item but with no allowance for storage....
¶ 8. In his opinion, the trial judge conceded that strictly construed, the statute and MDOT operating procedure probably only allowed compensation for the removal and reinstallation of B & G’s old dual pole billboard. However, the trial judge stated that the relocation assistance law probably did not foresee the type of situation with which we are now faced, where adequate relocation is frustrated by newly enacted zoning requirements. The circuit court looked behind the Relocation Assistance Law to its purpose, which is to “establish a uniform policy for the fair and equitable treatment of persons displaced by the acquisition of real proper-ty_” Miss.Code Ann. § 43-39-3 (Rev. 1993). According to the trial court, a strict construction of the law would controvert its very purpose. The trial court relied on a federal case interpreting the federal assistance law, Pou Pacheco v. Soler Aquino, 833 F.2d 392, 400 (1st Cir.1987), which held that “the overriding purpose of the relocation Act is to protect individuals displaced as a result of a federally assisted program and to insure that these persons will be fairly and equitably treated.” Our state relocation assistance law being based on the federal law, we find the reasoning in Pou Pacheco persuasive.
¶ 9. While there is no Mississippi case on point, Florida has dealt with a similar situation in Skiff’s Workingman’s Nursery v. Department of Transp., 557 So.2d 233, 235 (Fla.Dist.Ct.App.1990). Skiffs Nursery was required to relocate its business as the result of federally assisted highway construction. Id. at 233. Acting under Florida’s version of the *1276 Relocation Assistance Law, the Department of Transportation agreed to pay all the relocation costs. Id. However, because of their move, Skiffs Nursery had to pay $37,386.20 in impact fees to obtain a plat and building permit. The DOT refused to reimburse Skiffs Nursery for those fees. Id. The District Court of Appeals reversed the Highway Administration’s decision to deny reimbursement and remanded for further proceedings consistent with their decision. Id. at 235. The appellate court held that if Skiffs nursery had not been required to relocate, then it would not have to pay the impact fees. Id. The District Court of Appeals held that the legislative intent behind the relocation act was to treat businesses fairly and equitably. Id.
¶ 10. The Mississippi Supreme Court has recognized that the purpose of both the federal and state relocation acts is to “set out the fair and equitable treatment of those displaced by the acquisition of private property for federally funded projects.” Mississippi State Highway Comm’n v. Waller, 353 So.2d 755, 757 (Miss.1977). Additionally, the supreme court has on many occasions emphasized the mandate of our state constitution which provides that private property shall not be damaged or taken for public use except when due compensation is provided. See Mississippi State Highway Comm’n v. Rives, 271 So.2d 725, 728 (Miss.1972) (citing Mississippi State Highway Comm’n v. Rogers, 242 Miss. 439, 136 So.2d 216 (1961)).
¶ 11. Following the rationale of Skiff’s Workingman’s Nursery v. DOT, if MDOT is allowed to pay only for the cost of removing and relocating B & G’s existing billboard, then they have, in effect, taken B & G’s property without just compensation because B & G’s dual pole billboard at the new location would be useless. The Tunica County zoning ordinance does not allow for the relocation of B & G’s dual pole billboard. MDOT, by requiring that B & G relocate their sign, has taken a valuable piece of personal property and made it unusable. For MDOT not to provide for a substitute billboard that conforms with the county’s requirements is tantamount to MDOT taking B & G’s personal property and faffing to compensate B & G for their loss. Surely this was not the purpose of the Relocation Assistance Law. While we have no set precedent to follow in this situation, we agree with the trial court that the principles behind both the federal and state relocation laws mandate MDOT’s purchasing of the substitute item of personal property, the monopole billboard, and the costs of installation at the new location. Our guidelines for statutory construction state:
In construing statutes, the chief desire of the courts is to reach the real intention of the Legislature, and knowing this to adopt that interpretation which will meet the real meaning, though such interpretation may be beyond or within, wider or narrower, than the mere letter of the statute. Un-thoüght of results must be avoided if possible, especially if injustice follows, and unwise purpose will not be imputed to the Legislature when a reasonable construction is possible.
Evans v. Boyle Flying Service, Inc., 680 So.2d 821, 825 (Miss.1996)(quoting Zeigler v. Zeigler, 174 Miss. 302, 310, 164 So. 768, 770 (1935)). The Act by a reasonable interpretation of its language does cover these expenses. Under Miss.Code Ann. § 43-39-7(l)(a) (Rev.1993), it is this Court’s opinion that the cost of installing a sign is a reasonable expense of moving a business and personal property. If the old sign is moved but the installation is more expensive, then compensation is for “moving his ... personal property....” Id. If a new sign is installed on a more expensive pole, then the expenses are for “moving his ... business_” Id. Because the “replaced item,” the old sign with two poles, cannot legally be installed, it is this Court’s opinion that this cost is irrelevant: there can be no legally recognizable estimated cost to do an illegal act. Since reinstalling that sign and pole is a legal impossibility, the “lesser” of the two costs is the only cost that can be paid, that for installing a new sign.
¶ 12. We therefore affirm the ruling of the Tunica County Special Court of Eminent Domain requiring MDOT to reimburse B & G in the amount of $21,934.
*1277 ¶ 13. THE JUDGMENT OF THE TUNI-CA COUNTY SPECIAL COURT OF EMINENT DOMAIN REVERSING THE FINAL ADMINISTRATIVE DECISION OF THE MISSISSIPPI DEPARTMENT OF TRANSPORTATION IS AFFIRMED. COSTS OF THIS APPEAL TAXED TO MISSISSIPPI DEPARTMENT OF TRANSPORTATION.
THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ„ CONCUR.
McMILLIN, P.J., NOT PARTICIPATING.