206 So.2d 321 (1968)
June EVANS et al.
v.
MISSISSIPPI POWER COMPANY.
No. 44662.
Supreme Court of Mississippi.
January 22, 1968.
A.S. Scott, Jr., Lampkin H. Butts, Laurel, for appellants.
Deavours & Hilbun, Laurel, for appellee.
ROBERTSON, Justice:
The Appellants, June Evans, et al., filed suit sounding in trespass against the Mississippi Power Company in the County Court of Jones County. The suit was transferred to the Circuit Court of *322 Jasper County, where the Appellee, Mississippi Power Company, filed a demurrer to the declaration. The demurrer was sustained by the trial court. The appellants declined to amend, and perfected their appeal to this Court.
Dan and Ida Evans, the parents of June Evans and other appellants, owned eighty acres of land in Jasper County. Dan died testate in the late 1930s; but his will has not yet been probated. His wife Ida died later. There were twelve children born to this marriage, some of whom are living and some of whom have died natural deaths and some violent deaths. Some of those dying left issue, others did not. The date of death of some is known, but of others is not known. The title to this eighty acres of land is, therefore, clouded.
In 1966 Mississippi Power Company filed an application for the appointment of a special court of eminent domain in order to condemn a right-of-way across this eighty acres of land for the construction of a high power line. The named defendants in that case were June Evans, some of his brothers and sisters, and heirs of deceased brothers and sisters so far as known. The named defendants represented only 10/12ths of the title to this eighty acres. A verdict was returned for $1,000, and judgment was entered accordingly.
No appeal was taken by either party from the judgment of the special court of eminent domain. Admittedly some of the cotenants were present when the eminent domain proceeding was tried, but some were not. Within the time allowed by law, the amount of the judgment was paid in to the circuit clerk. Thereafter, appellee proceeded to construct and complete its high power line across the eighty acres.
The declaration demanding damages for a trespass on this land, the trespass being the construction of the high power line, does not reveal any request or any effort by the appellants to secure pro rata distribution of the $1,000 judgment from the clerk. The appellants, plaintiffs in the court below, claimed to be the owners of a 10/12ths interest in this land, but the owners of the remaining 2/12ths interest are unaccounted for. They were not parties to this proceeding in any respect.
The decision of this case turns on a construction of Section 2763, Mississippi Code 1942 Annotated (1956). That section provides:
"Upon the return of the verdict and entry of the judgment, if the applicant pay the defendant whose compensation is fixed by it, or tender to him the amount so found and pay the costs, he or it shall have the right to enter in and upon and take possession of the property of such defendant so condemned, and to appropriate the same to the public use defined in the application; and in case the defendant and his attorney absent themselves from the court, the payment may be made to the clerk of the circuit court for him, and such officer shall be responsible on his bond therefor and shall be compelled to receive it." (Emphasis added.)
The only reasonable and logical interpretation that can be made of the words, "defendant and his attorney," is that such words refer to the owner of the complete title of a parcel of land, and not to an owner of a fractional interest only. In the present case, it would mean the owners of 12/12ths, and not the owners of 10/12ths of the title. This section, in effect, provides a method of interpleading the eminent domain judgment, where the owners of the complete title, or their attorneys, do not appear in court.
It should be remembered that condemnation is a proceeding in rem. It is against the property and not the person. The owners or other interested parties are summoned into court in order that they may assert and propound their claims to the rem. Mississippi has provided a legal, constitutional, and orderly procedure for doing this. See §§ 2749-2782, Miss.Code *323 1942 Ann. (1956). The special court of eminent domain consists of a justice of the peace and a jury in counties not having a county court. The sole and only function of the special court of eminent domain is to ascertain and fix the amount of compensation to be paid the landowner and/or lessee for the rights condemned and acquired. This is made perfectly clear in the statutes on eminent domain. But this Court has also said it. It was tersely and succinctly stated in Mississippi State Highway Commission v. West, 181 Miss. 206, 219, 179 So. 279, 282 (1938), in these words:
"There are numerous decisions holding that the sole object of a petition to condemn land for public use is to ascertain the compensation to be paid; * * *." (Emphasis added.)
A condemnor, exercising its right of eminent domain, has no right, nor standing in court, to file suit to remove clouds or confirm titles, to probate wills or compel the producing of a will for probate. The only course open to a condemnor is to strictly follow the procedure outlined in the statutes, which is to apply for the appointment of a special court of eminent domain to determine one question and one question only, namely: the reasonable compensation to be paid for the right acquired in the rem.
The money judgment of the special court of eminent domain is substituted for the rights taken in the land. Title to the proceeds of the judgment is in exactly the same status as the title to the land itself. If the title to the land is clouded, then the title to the money judgment is clouded. It can be resolved by agreement among the landowners, or, if necessary, by resort to the proper court.
The landowners can proceed in chancery court, on which court the State of Mississippi has conferred jurisdiction: to try all suits affecting the title to real property, to probate wills, to administer estates, and to determine heirship.
The appellee correctly paid the money judgment in to the circuit clerk, and the trial court was correct in sustaining the demurrer to the declaration.
The judgment is, therefore, affirmed.
GILLESPIE, P.J., and RODGERS, PATTERSON, and SMITH, JJ., concur.