ON MOTION TO DISMISS
WIGGINTON, Chief Judge.
Appellee Hartsfield has moved to dismiss this appeal brought by the State Road Department of Florida from a final judgment *63 rendered in an eminent domain action. The motion is based upon the sole ground that appellant has paid and accepted the benefits of that portion of the final judgment awarding compensation to the fee owner and to another tenant, and is now attempting to appeal only that portion of the final judgment awarding compensation to appellee Herbert Hartsfield, the remaining tenant on the property condemned.
The State Road Department filed its petition for condemnation of certain described strip of land for highway purposes. Title to the land sought to be acquired became vested in the petitioner by a declaration of taking and deposit of the estimated fair value of the land involved. The petition describes Parcel 113-A and alleges that it is owned in fee simple by the C. H. M. Corporation. Located on the parent tract of which the strip being condemned is a part is a building occupied by two tenants, Allison White and Herbert Hartsfield, each of whom operates a business in a portion of the building occupied by him. No part of the building is included in the condemnation suit but only the strip of land lying between the building and the existing highway is being taken.
The fee owner and both tenants were named as parties defendant and each was represented by separate counsel. Each of the tenants claimed future probable business damage as a result of the taking, and by agreement of the parties the jury was instructed to stipulate in its verdict what amounts were included in its aggregate award for business damage sustained by the respective tenants. The case was tried on the issue of just compensation to be paid to the owner of the fee and to the tenants for business damage suffered by them.
The judgment rendered in the case from part of which this appeal is taken is in pertinent part as follows:
“We, the Jury, find for the Petitioner as follows:
“FIRST: That an accurate description of the property taken herein is the following:
[Description]
“For SRD #113A, described above, owned by C. H. M.
Corporation with lessees thereon, Allison White, d/b/a White’s IGA Grocery, and Herbert Hartsfield, d/b/a Leon Dry Cleaners; we find the compensation to be made therefor is the sum of: $72,846.00
“The foregoing award of compensation includes the sum of $17,000,00 as business damages in behalf of the defendant Allison White, d/b/a White’s IGA Grocery.
“The foregoing award of compensation includes the sum of $20,169.00 as business damages in behalf of the defendant Herbert Hartsfield, d/b/a Leon Dry Cleaners.”
***********
“ORDERED and ADJUDGED as follows:
“1. That the defendants, C. H. M. Corporation and its lessees, Allison White, d/b/a White’s IGA Grocery, and Herbert Hartsfield, d/b/a Leon Dry Cleaners, do have and recover of and from the petitioners the said sum of $72,846.00 as and for just compensation to be paid by the petitioners for the taking of said Parcel 113 A herein;
*64 “2. That of the said sum, the defendant Allison White, d/b/a White’s IGA Grocery, is entitled to the sum of $17,000.00 representing future probable business losses resulting from the taking of said Parcel 113 A by these petitioners;
“3. That’ of the said sum, the defendant Herbert Hartsfield, d/b/a Leon Dry Cleaners, is entitled to the sum of $20,169.00 representing future probable business losses resulting from the taking of said Parcel 113 A by these petitioners;
“4. That the vesting of fee simple title in these petitioners to the property described above pursuant to the order of taking heretofore entered in this cause is hereby ratified and confirmed in all respects;
“5. That the petitioners pay into the Registry of this Court the sum of $62,366.00 (which sum is the difference between the verdict of the jury as above set forth and the sum of $10,480.00 previously deposited into the Registry of this Court by the petitioners), together with interest on said difference at the rate of six per cent (6%) per annum from October 9, 1967, to the date of payment to the defendants.
“6. That the Clerk of this Court is hereby authorized and directed to pay from the monies deposited by the petitioners into the Registry of this Court to the credit of said Parcel 113 A the following sums to the following persons:

The final judgment was satisfied in part by payment of the sums set out therein to the fee owner, C. H. M. Corporation, and to lessee Allison White, but the amount awarded to the lessee Hartsfield is being withheld in the court registry pending outcome of this appeal.
Section 73.071(3), Florida Statutes, F.S. A., provides that the jury shall determine the total amount of just compensation to be paid, which shall include the value of the property taken, severance damage to the remainder, and business damage.
Section 73.081, Florida Statutes, F.S.A., requires the verdict to state the award to be made as a whole irrespective of the separate interests of the various parties or the various items of damage claimed.
Section 73.101, Florida Statutes, F.S.A., provides that where there are conflicting claims to the amount awarded for any par *65 cel, the court, upon appropriate motion, shall determine the rights of the interested parties with respect to the amount awarded for each parcel and the method of apportionment, together with the disposition of any other matters arising from the taking.
Under the statutory scheme for making awards in eminent domain suits, even though a jury may by agreement of the parties act in an advisory capacity and stipulate in its verdict the amount included as reasonable compensation to be paid to the various parties in interest, it nevertheless remains the ultimate and final responsibility of the trial judge to apportion the total amount awarded by the jury among the various claimants to the award, and in doing so the court is not bound by the amounts included in its verdict by the jury as compensation for the various claimants.
The general rule prevailing in this state is that where a party recovering a judgment accepts the benefits of it, voluntarily and knowing the facts, he is estop-ped from afterwards seeking a reversal of the judgment by an appeal therefrom.[1] The foregoing rule is not without exceptions. The law is equally well settled that where a judgment in favor of a party consists of two or more separate, distinct, and unrelated parts, the disposition of any one of which will not affect the decision as to any other, the successful party may appeal from one or more of the severable portions of the judgment even though he accepts the benefits of the other portions thereof.[2]
The question which is presented by the motion to dismiss this appeal is whether the appellant may accept the benefits of the judgment and secure fee simple title to the land condemned by paying the compensation awarded to the fee owner and one of the tenants, and then question by appeal that part of the judgment awarding compensation to the remaining tenant.
Although F.S. Section 73.081, F.S.A., requires the jury to render a verdict fixing the compensation to be paid for the entire parcel condemned as a whole, Section F.S. 73.101, F.S.A., requires the trial judge to determine the rights of all interested parties in each parcel being condemned, and to allocate the amount fixed by the jury for the whole parcel among the various claimants. When the trial judge performs his function under the statute in allocating the total award among the conflicting claimants, the amount awarded in the judgment to the fee owner and to the remaining interested parties upon their claims would appear at first blush to be separate and distinct judgments as to each successful claimant to whom compensation is awarded, the payment of one or more of which would not affect the disposition of the remainder if questioned by appeal. Upon closer examination, however, such conclusion cannot be sustained.
Whether the judgment in the case sub judice is indivisible for appeal purposes and may not be accepted in part and rejected in part by the condemning party, or whether the awards made to the fee owner .and two tenants are separate and distinct judgments independent of each other for the purpose of appeal, depends upon what the ultimate result will be in the event the appellant State Road Department is successful in demonstrating reversible error which requires this court to set aside the judgment as to appellee Hartsfield, and remand the case for a new trial. If the judgment in favor of appellee Hartsfield is found to have been erroneously rendered, then this defendant may be required to submit to a new trial on his claim to compensation. If such new trial is had, it will be necessary for the jury on retrial to make a new determination as to the amount of compensation to be paid for Parcel 113-A as a whole because under the mandate of the statute it is not authorized to do less. Such award will include as a component but un *66 specified part thereof the amount found by the jury to be reasonable compensation to be paid Hartsfield. Such a trial would be an impossibility since the fee owner, C. H. M. Corporation, and the remaining tenant, Allison White, have each been paid in full the compensation awarded them in the final judgment rendered herein, and their respective parts of the judgment have been fully satisfied by acceptance of the compensation disbursed from the court’s registry. It would not only be impracticable but impossible under the circumstances to conduct a new trial for the purpose of fixing the compensation to be paid for Parcel 113-A as a whole because of the absence of necessary parties. Even if such a trial were possible with only Hartsfield as a party defendant, if the amount awarded him is less than that awarded to him by the jury on the first trial, who would benefit from the difference between the amounts awarded in the two verdicts ? Under the statute the fee owner is entitled to the entire award made by the jury for the parcel as a whole, less such sums as may be apportioned to other conflicting claimants as compensation for their damages. Since the fee owner in the case sub judice has already been paid that part of the judgment awarded him and has satisfied his judgment by accepting the compensation fixed by the court, it would be impracticable and perhaps legally insupportable to attempt to pay the owner further compensation as a result of the retrial. On the other hand, if the retrial resulted in appellee Hartsfield being awarded more compensation than that fixed by the court in the judgment appealed, whom can he look to for that portion of his judgment above the amount awarded by the court on the verdict returned in the first trial? Under the provisions of the statute his award is to be deducted from the amount fixed by the jury as compensation for the parcel as a whole from which no appeal has been taken. It would be unjust to ask the fee owner to repay into the court’s registry a part of the compensation already disbursed to it pursuant to the original judgment. However, if such repayment is not made, the State Road Department would be forced to pay the excess of the new award over the original, thereby requiring a duplicate payment of compensation which would not have been necessary except for the appeal and new trial.
It is our conclusion that due to the peculiar provisions of the eminent domain statutes regarding the allocation by the trial judge of compensation to be paid to adverse claimants after the jury’s verdict has been returned fixing the amount to be paid for a parcel as a whole, the interests of the respective claimants to the amount awarded for each parcel are so inextricably bound each to the other that the condemnor may not accept the benefits of the judgment by paying the award made to some of the claimants and then appeal the remainder of the judgment with which it disagrees. If the condemning authority desires to question by appeal only a part of a judgment in eminent domain awarding compensation to one of several claimants to a particular parcel of land being condemned, it must appeal the entire judgment as to that parcel in order to preserve the status quo and protect the interests of all concerned in the event the judgment is reversed and a new trial ordered. Failure to do this will estop it from appealing an indivisible segment of the judgment as has been attempted in this case.
We are fully cognizant of the effect our conclusions reached herein will have in the event one of several claimants to the compensation awarded for a single parcel of land elects to appeal that part of the judgment in his favor, whether he be the fee owner, a tenant, or the owner of some other interest in the compensation awarded. So long as a claimant does not accept the benefits of the award made in his favor, the question of estoppel will not arise. These are questions which are not before us at this time and on which we make no definitive ruling. We point out by way of obiter dictum, however, that in any such *67 event, the condemnor will be well advised to take such steps as are necessary to protect the compensation awarded for the parcel as a whole by preventing partial disbursements from the funds deposited in the court registry until all appeals have been concluded and the judgment becomes final.
The motion to dismiss the appeal is hereby granted and the appeal dismissed.
CARROLL, DONALD K., and. RAWLS, JJ-, concur.

. Carter v. Carter (Fla.App.1962), 141 So.2d 591.

. Weatherford v. Weatherford (Fla.1956), 91 So.2d 179.