330 So.2d 588 (1976)
SEAGO ENTERPRISES, INC., et al.
v.
MISSISSIPPI STATE HIGHWAY COMMISSION.
No. 48566.
Supreme Court of Mississippi.
April 20, 1976.
Wiltshire & Walman, McComb, for appellants.
Statham & Watkins, Magnolia, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
ROBERTSON, Justice, for the Court:
The State Highway Commission filed condemnation proceedings in the special court of eminent domain (County Court of Pike County) against E.L. Boyd and wife, Ruby Boyd, owners, and Seago Enterprises, Inc., lessee, to condemn a strip of land 10 feet wide and 215.8 feet long, bordering the south right-of-way line of U.S. Highway 98, which strip will be used in the relocation and reconstruction of Mississippi Highway 24 and U.S. Highway 98. Boyd's property consists of .84 of an acre, and the Commission seeks to condemn .05 of an acre, leaving Boyd .79 of an acre, with the same frontage on Highway 98.
Boyd leased the property to Seago on April 8, 1970, for a five-year term at $325 per month. The canopy of the concrete block building used as a service station extends about 10 feet into the present highway right-of-way, but the actual paved portion of the highway is presently 17 feet from the canopy. The paved portion of Highway 98 as widened will be about 7 feet from the canopy.
Although Seago's testimony was that after the taking it could not continue to operate its service station and that the value of its leasehold interest would be destroyed, the trial court, nevertheless, *589 refused to allow Seago to present evidence as to its damages, the court's reasoning being that loss of profits was not a compensable item of damages because such loss of profits was too speculative and conjectural.
The trial court also denied Seago's motion to be allowed to join in the statement of values submitted by the landowner. When both sides rested, the trial court sustained a motion for a directed verdict against Seago. Thereafter the Highway Commission and Boyd, the landowner, agreed on the amount of damages for the land condemned and the trial court instructed the jury to return a verdict for $20,000 in favor of the Boyds. Seago appeals.
Seago contends that it is being deprived of its property without just compensation in violation of the Fifth Amendment to the United States Constitution and Section 17 of the Mississippi Constitution. We agree with this contention. Seago was entitled to present evidence as to the "before and after" value of its unexpired leasehold interest.
Some guidance is given in Lee v. Indian Creek Drainage District Number One, 246 Miss. 254, 148 So.2d 663 (1963), as to how damages to an unexpired leasehold interest should be handled. It was a condemnation proceeding against Mrs. Ethel Lee, the landowner, and W.D. Garrett, Jr., lessee. The appraisement by the commissioners and objections filed by the landowner and lessee were heard by the chancellor on oral and documentary evidence. The testimony introduced as to the total damage to the land ranged from $4,000 to $9,997. The chancellor determined that the total damages amounted to $6,000, and allocated $5,035.45 to the landowner and $964.55 to the lessee. The landowner appealed.
In affirming the decree of the chancellor, this Court said:
"We are also of the opinion that the chancellor was correct in making an award (single) as to damages to the whole property. Where there are different interests or estates in the property acquired by condemnation, the proper course is to ascertain the entire compensation to be awarded as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights.
"The textwriter in 18 Am.Jur., Eminent Domain, Sec. 239, p. 872, has expressed this rule in the following language: `* * * The rule is generally recognized (though not invariably followed) that, where there are several interests or estates in a parcel of real estate taken by eminent domain, a proper method of fixing the value of, or damage to, each interest or estate, is to determine the value of, or damage to, the property as a whole, and then to apportion the same among the several owners according to their respective interests or estates, rather than to take each interest or estate as a unit and fix the value thereof, or damage thereto, separately.' 18 Am.Jur., Eminent Domain, Sec. 239, p. 872. See also Anno. 69 A.L.R. 1263." 246 Miss at 263-64, 148 So.2d at 666.
In Lee, we also said:
"In Mississippi, however, we have adopted the minority rule that the taking of a portion of demised premises operates as an apportionment of the rent and dissolves the relation of landlord and tenant pro tanto. Thus, the award of total damages to the property is apportioned between the landlord and the tenant so as to give the landlord the value of his reversion, and rents under the contract, less an abatement for present payment. The damage to the leasehold is determined by awarding the tenant the value of his contract (which includes a reduction in his future rents because of the loss of the use of a portion of the leased premises), less the rents due under the terms of his contract, plus the *590 abatement earned for the present payment of rent to the landlord. Board of Mississippi Levee Commissioners v. Johnson [66 Miss. 248, 6 So. 199 (1889)]." 246 Miss. at 266, 148 So.2d at 667-68.
Loss of profits by itself, as a separate item of special damages, is not compensable in Mississippi. Miss. State Highway Commission v. Valentine, 239 Miss. 890, 124 So.2d 690 (1960).
29A C.J.S. Eminent Domain § 143, at pages 616-17, has this to say on the measure of damages to a lessee:
"The same rules apply in the condemnation of a right of way over leased premises where only a part of the leasehold is taken. The condemnation of a part of the leased premises may destroy the value of the leasehold. Where only part of a leasehold is taken, the measure of damage is the difference between the value of the remainder before and after the taking, or, as has been said, the difference between the fair market value of the entire leasehold estate and the fair market value of the portion thereof not taken. [Footnotes omitted]."
In 1963, this Court approved the concept of a single award of damages to the whole property, which award would then be apportioned among the owners of the varying interests or estates in the parcel taken, according to their separate interests. Lee v. Indian Creek Drainage District Number One, supra.
The State Highway Commission, the landowners Boyd, and the special court of eminent domain ignored this reasonable and common sense rule approved by this Court some 13 years ago.
In the case at bar, the trial judge first sustained a motion for a directed verdict against Seago Enterprises. Then after the Highway Commission and the Boyds had agreed on the amount of damages to them, the court instructed the jury to find for the landowners alone in the sum of $20,000.
Both of these actions by the eminent domain judge were erroneous. Mississippi Code Annotated, Section 11-27-23 (1972), contemplates that the jury will apportion the damages arrived at in their single verdict among the owners of the various interests in the parcel condemned. Mississippi State Highway Commission v. Central Land & Rental Corp. and Dudley M. Maples, 239 So.2d 335 (Miss. 1970).
Inasmuch as Seago appealed only as to the State Highway Commission, the judgment of the Special Court of Eminent Domain has become final as to the landowners, and the Boyds are not parties to nor will they be affected by this decision.
Accordingly, the judgment of the Special Court of Eminent Domain is reversed as to Seago only and this case is remanded for a new trial against the State Highway Commission only.
On retrial, the jury will determine the amount of damages to Seago's leasehold interest.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.