LEE, Justice,
for the Court:
The Mississippi State Highway Commission instituted proceedings against Wilmer L. Aultman and Elizabeth Aultman, owners, Daughtrey-Hughes, Inc., lessee, and Dynamic Industries, Inc., sublessee, to condemn 0.09 acres of land in Covington County. From a judgment in the Eminent Domain Court entering an additur of twenty-five thousand dollars ($25,000.00) or granting a new trial to Daughtrey-Hughes, Inc., the Commission appeals.
*1326 The jury returned a verdict for all parties in the aggregate sum of fifteen thousand five hundred ninety-four dollars and twenty-six cents ($15,594.26) and, of that amount, apportioned eleven hundred dollars twenty-six cents ($1,100.26) to the Ault-mans, three thousand four hundred ninety-four dollars ($3,494.00) to Daughtrey-Hughes, Inc., and eleven thousand dollars ($11,000.00) to Dynamic Industries, Inc. The trial court granted an additur to Daughtrey-Hughes, Inc. of twenty-five thousand dollars ($25,000.00), thereby increasing its award to twenty-eight thousand four hundred ninety-four dollars ($28,-494.00) and increasing the aggregate judgment to forty thousand five hundred ninety-four dollars and twenty-six cents ($40,-594.26). The judgment provided that Mississippi State Highway Commission pay said amount within thirty (30) days from date, or a new trial was granted. The Commission paid the amount awarded to the Ault-mans, and Dynamic Industries, Inc., who are not parties to this appeal, but declined to accept and pay the additur entered for Daughtrey-Hughes, Inc.
Appellee obtained a lease from the Ault-mans to one-half (%) acre of land at the intersection of U.S. Highway 49 and State Highway 590 for a period of ten (10) years with the right to extend same for an additional ten (10) years. It then constructed a small grocery store, restaurant, laundromat and carwash on the property and subleased to Dynamic Industries, Inc., with the right to install gas pumps and gas tanks thereon. Appellee received two hundred fifty dollars ($250.00) per month from that lease, plus one cent (1$) per gallon on all gas over seventeen thousand (17,000) gallons.
The property condemned is a strip along State Highway 590 one hundred (100) feet long and twenty-five (25) feet in width, gradually widening to approximately sixty (60) feet at the rear. Dynamic Industries, Inc. was required to move its gas pumps as well as two underground gas tanks. The property had an access of fifty (50) feet to Highway 590 which was reduced to forty (40) feet after the taking, and the new right-of-way line was thirty-five (35) feet from the corner of the buildings. On June 11, 1958, the Aultmans conveyed to the Mississippi State Highway Commission by warranty deed a parcel of land along the right-of-way of U.S. Highway 49, and throughout the trial in the lower court, the parties, their attorneys and the court proceeded on the theory that appellee had no access to U.S. Highway 49 even though appellee’s customers used the right-of-way for parking and for entering the premises prior to the condemnation proceedings.
Jerry Wallace, Staff Appraiser for the Mississippi State Highway Department, testified that the fair market value of the entire property, including improvements, is forty-five thousand eighty-eight dollars ($45,088.00), and that the after value is thirty-three thousand seven hundred fifty dollars ($33,750.00),. leaving total damages of eleven thousand three hundred and thirty-eight dollars ($11,338.00). Of this damage, he allotted ten thousand six hundred sixty-three dollars ($10,663.00) for the removal of the gasoline equipment and six hundred seventy-five dollars ($675.00) for the land. The Highway Commission’s only other appraiser was J. Ed Turner, a real estate man with thirty years’ experience, who testified that, in his opinion, the value of the property before the taking was forty-five thousand five hundred sixty-eight dollars ($45,568.00), and after the taking thirty-two thousand six hundred twenty dollars ($32,620.00), leaving damages of eleven thousand nine hundred forty-eight dollars ($11,948.00). He allotted one thousand thirty-five dollars ($1,035.00) for the land, two hundred fifty dollars ($250.00) for gravel and improvements on the land taken, and ten thousand six hundred sixty-three dollars ($10,663.00) for removal of the gasoline equipment. Neither appraiser allotted or fixed any damage to appellee. Thus, at the conclusion of the appellant’s case, there was no evidence and no guide for the jury to determine the damages of appellee.
W. O. Thomas, appraiser for appellee, testified that the before value of the property [Lessee’s interest] is fifty-nine thousand *1327 eight hundred dollars ($59,800.00), and the after value is seventeen thousand nine hundred forty dollars ($17,940.00) leaving damages of forty-one thousand eight hundred sixty dollars ($41,860.00) to appellee. Appraiser Arnold Moody testified that the value before taking [Lessee’s interest] is one hundred eleven thousand four hundred fifteen dollars and thirty cents ($111,415.30), and the after value is thirty-three thousand four hundred fifty-eight dollars and four cents ($33,458.04), leaving damages of seventy-seven thousand nine hundred fifty-seven dollars and twenty-six cents ($77,-957.26) to appellee. In this state of the record, it is difficult to see how the jury could arrive at $3,494.00 as due compensation to appellee or how the trial judge could grant an additur of $25,000.00, making an aggregate damage to appellee of $28,494.00.
The jury followed the correct procedure in finding total damages and then allocating damages to the landowner, the lessee and the sublessee, but it simply had no credible evidence to reasonably guide it in fixing damages to appellee [Lessee], and the result was the same as if the verdict were contrary to the overwhelming weight of the evidence. See Seago Enterprises, Inc. v. Mississippi State Highway Commission, 330 So.2d 588 (Miss.1976). Likewise, the trial judge judge struggled to remedy the situation, and it is manifest that he did not abuse his discretion in granting the new trial and that he was correct in doing so. Dorris v. Carr, 330 So.2d 872 (Miss.1976). However, we find that he manifestly abused his discretion in making an additur in the amount of $25,000.00.
Appellant contends that by its acquisition of U.S. Highway 49 right-of-way in fee simple and assertion of its police powers granted by statute, appellee was precluded from any right to damages by virtue of loss of access to U.S. Highway 49. Since this question was not presented to the lower court, nor considered by it, we arrive at no conclusion and render no opinion as to rights, if any, of the appellee raised by this question.
Appellant contends that the order sustaining the motion for new trial and granting the additur is a nullity for the reason that the court had no jurisdiction of the cause at the date of entry of such order. The court retained jurisdiction and had not entered a final order at that time, and the contention is without merit.
For the reasons stated, the judgment of the trial court is affirmed as to granting a new trial and is reversed as to the additur, and this cause is remanded to the lower court.
AFFIRMED IN PART; REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.