347 So.2d 341 (1977)
Edward G. LENNEP, Sr.
v.
MISSISSIPPI STATE HIGHWAY COMMISSION.
No. 49041.
Supreme Court of Mississippi.
January 12, 1977.
On Motion to Reinstate Cross Appeal May 25, 1977.
Rehearing Denied July 13, 1977.
*342 Corlew & Burdick, John G. Corlew, Cumbest & Cumbest, Arvis V. Cumbest, Pascagoula, for appellant.
Palmer & Pike, William J. Palmer, Pascagoula, for appellee.
Before GILLESPIE, C.J., SUGG and BROOM, JJ., and BROOME, Commissioner, GILLESPIE, C.J., and SUGG and BROOM, JJ.
RUFUS H. BROOME, Commissioner for the Court:[1]
The State Highway Commission filed condemnation proceedings in the Special Court of Eminent Domain (County Court of Jackson County) seeking to condemn for public use 13.54 acres of land owned by Jack F. Turner and wife Martha L. Turner, hereinafter called Owner. Said property sought to be condemned was for a right of way in connection with the construction of Interstate 10 across Jackson County. The petition to condemn was later amended so as to name as defendants Edwin G. Lennep, Sr., Edwin G. Lennep, Jr., Eddie Lennep Fray and Thomas Cecil Lennep, hereinafter called Lessee, who claimed a leasehold interest in a part of the condemned property on which a sawmill was located. Lessee leased some land from the Owner in 1963 for a ten (10) year period and this lease was renewed in 1973 for an additional ten (10) year period with the original lease and renewal thereof providing the right of cancellation upon six (6) months notice to the opposite party. The property description in the lease and the renewal thereof did not correctly describe the property on which the sawmill was located, but the sawmill was located on the property sought to be condemned and had been so located since it was constructed and the Trial Judge allowed parol evidence admitted during the trial by the testimony of the Owners and Lessee to the effect that the lease was intended to cover the property on which the sawmill was actually located.
The case was submitted to a jury, which returned the following verdict:
"We the jury find that the defendants will be damaged by the acquisition of *343 their property for the public use in the sum of $96,500.00 and apportion the damages as follows: $68,000.00 to the defendants John F. Turner and wife, Martha L. Turner and $28,500.00 to the defendants Edwin G. Lennep, Sr., Edwin G. Lennep, Jr., Eddie Lennep Fray and Thomas Cecil Lennep."
The judgment was properly entered and motion for a new trial was overruled and Lessee filed an appeal to this Court and the State Highway Commission filed a cross-appeal as to Lessee only. The State Highway Commission did not appeal as to the total verdict of $96,500.00 nor as to the fee holder Turners and the Lessee has dismissed their appeal, leaving the matter before the Court on the cross-appeal of the State Highway Commission. The Lessee filed a motion to dismiss the cross appeal of the State Highway Commission based on the fact that the Commission has accepted the total judgment and paid that part of the judgment apportioned by the jury to the fee holder Turners and is appealing only with respect to the amount of the award given the Lessee. We now consider this motion to dismiss the cross-appeal.
Section 11-27-5 of the Mississippi Code of 1972 as amended states:
"Any person or corporation having the right to condemn private property for public use shall file a petition to condemn with the circuit clerk of the county in which the affected property, or some part thereof, is situated and shall make all the owners of the affected property involved, and any mortgagee, trustee, or other person having any interest therein or a lien thereon a defendant thereto. The petition shall be considered a matter of public interest and shall be a preference case over other cases except other preference causes. The petition shall describe in detail the property sought to be condemned, and shall state with certainty the right to condemn, and shall identify the interest or claim of each defendant."
Section 11-27-13 states as follows:
"Each different property, identified by separate ownership, shall constitute a separate cause of action and require a separate trial, unless otherwise agreed by all parties with the approval of the court...".
It is clear that the Legislature of the State of Mississippi intended for the unit rule to be applied in determining compensation in eminent domain cases. It is also clear that this Court follows the unit valuation method of determining compensation where a property sought to be condemned involves a leasehold interest. Lee v. Indian Creek Drainage District, 246 Miss. 254, 148 So.2d 663, 666 (1963), had this to say:
"Where there are different interests or estates in the property acquired by condemnation, the proper course is to ascertain the entire compensation to be awarded as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights."
Thus it may be seen that from the eminent domain act itself and the prior decisions of this Court, the proper procedure under the unit valuation method of determining compensation is to file the petition against all persons and parties claiming an interest in the property sought to be condemned and for the jury to determine the value of the property being condemned and then to apportion the damages to the proper parties, which in this case was a fee holder and a lease holder.
This Court has observed in State Highway Commission v. Rogers, 242 Miss. 439, 136 So.2d 216 (1961), that the Florida Constitution and statutes as to eminent domain were similar in some respects to our Mississippi Constitution and eminent domain statutes. There are differences, some of which should be noted, between the eminent domain laws of Mississippi and Florida. One difference is that Florida provides for compensation for loss of business profits and further provides that when the jury returns the verdict of total damages that the judge shall then apportion the damages among the various interests entitled to share in the award. Mississippi does not provide for any *344 future business loss and provides, as hereinbefore stated, for the jury to apportion the damages among the various interests after it has awarded total damages. A leading case from Florida is State Road Department of Florida v. Hartsfield, Fla.App., 216 So.2d 61, which is a similar case to the one before the Court. In that case the Florida Road Department condemned property owned by C.M.H. Corporation, Allison White, doing business as White's IGA Grocery and Herbert Hartsfield, doing business as Leon Dry Cleaners. A verdict was rendered by the jury and apportioned among the defendants. The State Road Department of Florida was satisfied with the verdict as it applied to C.M.H. Corporation and Allison White but appealed as to that part awarded to Herbert Hartsfield, and the Florida court had this to say:
"[T]he interests of the respective claimants to the amount awarded for each parcel are so inextricably bound each to the other that the condemnor may not accept the benefits of the judgment by paying the award made to some of the claimants and then appeal the remainder of the judgment with which it disagrees." 216 So.2d at 66.
Under the unit valuation method that we use in Mississippi, to allow a partial appeal in an eminent domain suit by the State Highway Commission, who had control of and was the architect of the lawsuit, would present untold problems. The fact is that in this case the Commission has not sought to overturn the total verdict but only that part of the verdict awarded to the Lessee. Any change in the verdict in favor of the Lessee would of necessity result in a change in the verdict apportioned to the landowner who has been paid and is no longer a party to this litigation, which was the choice made by the State Highway Commission. For the above reasons the motion to dismiss the cross-appeal is sustained.
Since the cross-appeal has been dismissed, it is not necessary to discuss the other issues raised in the cross-appeal.
CROSS-APPEAL DISMISSED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.

ON MOTION TO REINSTATE CROSS APPEAL
SUGG, Justice, for the Court:
The judgment of the eminent domain court fixing total damages for the property condemned has not been appealed from. No one contends that the total damages fixed by the jury is not proper. Both the direct appeal of the Lenneps as tenants, which was voluntarily dismissed by the Lenneps, and the cross appeal of the Commission involve only the $28,500 apportioned to the Lenneps as their share of the total damages.
It is clear that the legislature intended for the unit valuation method to be applied in determining compensation in eminent domain cases. Mississippi Code Annotated section 11-27-5 (1972). We have consistently followed the statutory mandate and use the unit valuation method for determining compensation where property sought to be condemned involves a leasehold interest. In Lee v. Indian Creek Drainage District, 246 Miss. 254, 148 So.2d 663, 666 (1963) we stated:
Where there are different interests or estates in the property acquired by condemnation, the proper course is to ascertain the entire compensation to be awarded as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights.
The textwriter in 18 Am.Jur., Eminent Domain, Sec. 239, p. 872, has expressed this rule in the following language: `* * * The rule is generally recognized (though not invariably followed) that, where there are several interests or estates in a parcel of real estate taken by eminent domain, a proper method of fixing *345 the value of, or damage to, each interest or estate, is to determine the value of, or damage to, the property as a whole, and then to apportion the same among the several owners according to their respective interests or estates, rather than to take each interest or estate as a unit and fix the value thereof, or damage thereto, separately.' 18 Am.Jur., Eminent Domain, Sec. 239, p. 872. See also Anno. 69 A.L.R. 1263. (246 Miss. 263-264, 148 So.2d 666).
The unit valuation method as announced in Lee is a sound rule because the jury first fixes the amount of the damages to the property condemned, and then apportions the damages to the interested parties according to their respective interests. This minimizes the chance of pyramiding damages which would be inherent if each interest or estate was considered as a unit and the value of each unit was fixed separately. The total damages to the property condemned is not affected simply because part or all of the property condemned is leased or because there are separate interests or estates in the property.
When leased property is condemned, and after total damages to the entire estate is ascertained, the question is then presented: How shall the lessee's share of the damages be determined?
In Lee, supra, we adopted the rule that the taking of a portion of the devised premises operates as an apportionment of the rent and dissolves the relationship of landlord and tenant pro tanto. In Lee we followed the rule laid down in Board of Levee Commissioners v. Johnson, 66 Miss. 248, 6 So. 199 (1889) and stated the rule as follows:
Thus, the award of total damages to the property is apportioned between the landlord and the tenant so as to give the landlord the value of his reversion, and rents under the contract, less an abatement for present payment. The damage to the leasehold is determined by awarding the tenant the value of his contract (which includes a reduction in his future rents because of loss of the use of a portion of the leased premises), less the rents due under the terms of his contract, plus the abatement earned for the present payment of rent to the landlord... . (246 Miss. at 266, 148 So.2d at 667-668).
Under the unit valuation rule the interest of the landlord and tenant are inextricably bound to each other. The total damages to the property is apportioned between them so that if any party is dissatisfied with an award to either the landlord or tenant, both the landlord and the tenant must be parties to an appeal which attacks the award to either. Where the total damages to the property condemned have been fixed by a jury and no appeal is taken from the amount awarded, the jury verdict is final. If the award to the tenant is increased on appeal, or in a subsequent trial following appeal, it could only be at the expense of the landlord because the total damages would remain as fixed by the first jury, and a change in the award to the tenant could only result in a reapportionment of the damages between the landlord and the tenant. Any diminution of the award to the landlord without the landlord being made a party would violate due process. It naturally follows that both the landlord and tenant must be made parties to any appeal by a condemnor. The condemnor may not accept the benefits of the judgment by paying the award to either the landlord or the tenant and then appeal the remainder of the judgment with which he disagrees. The condemnor must appeal the total award of damages.
A landlord and tenant as defendants in a condemnation proceeding bear a unique position to each other. On the question of the total award of damages to the property condemned they are not adversaries, but as to the apportionment of the total award, they are adversaries. Thus, if either the landlord or tenant is satisfied that the total award of damages is sufficient, but is dissatisfied with the apportionment of the damages between them, either might appeal without naming the condemnor as a party to the appeal because the appeal *346 would not attack the total damages fixed by the jury. The proceeds of the judgment for the total damages is in the same status as the title to the property condemned. In the case of Evans v. Mississippi Power Company, 206 So.2d 321 (Miss. 1968), we stated:
It should be remembered that condemnation is a proceeding in rem. It is against the property, and not the person. The owners or other interested parties are summoned into court in order that they may assert and propound their claims to the rem. Mississippi has provided a legal, constitutional, and orderly procedure for doing this.
.....
The money judgment of the special court of eminent domain is substituted for the rights taken in the land. Title to the proceeds of the judgment is in exactly the same status as the title to the land itself. If the title to the land is clouded, then the title to the money judgment is clouded. It can be resolved by agreement among the landowners, or, if necessary, by resort to the proper court. (206 So.2d at 322, 323).
The landlord and tenant, if satisfied with the total award, would therefore take title to the judgment in exactly the same proportion as their respective estates in the condemned property, subject to resolution by agreement or apportionment by the court.
The dissenting justices are of the opinion that it would be manifestly unjust to require the Commission to appeal when the only dispute was between the Commission and lessee. This view overlooks the fact that under our procedure the damages to the property condemned is fixed by the jury and then apportioned between the landowner and the tenant. If the condemnor is of the opinion that either the landowner or the tenant has been awarded excessive damages his complaint is not against that interest alone, but his complaint must go against the total award of damages because the condemnor can obtain relief only by reducing the total award of damages. If the total award is reduced then there must be another apportionment between the landowner and tenant; likewise, if the total award is increased, there must also be another apportionment between the landowner and the tenant. It naturally follows that the dispute in this case is between the condemning authority, the landowner and the tenant, and their dispute is inextricably tied to the total damages awarded.
This would not preclude a condemning authority from settling with any party before condemnation suit was filed, or before the award of damages was made by a jury, because if there was a settlement as to either the landowner or the tenant, the case could then proceed to trial under the valuation method announced in Commissioners v. Johnson; and Lee v. Indian Creek Drainage District, supra.
The Commission relies on Seago Enterprises, Inc. v. Mississippi State Highway Commission, 330 So.2d 588 (Miss. 1976), as authority for reinstating the cross appeal of the Highway Commission. Seago is not authority for reinstating the cross appeal because Seago Enterprises was neither permitted to join in a statement of values nor present evidence of damages sustained by it as lessee. Seago's position is comparable to that of the tenant in Board of Levee Commissioners v. Johnson, supra, where the Board of Levee Commissioners condemned land of one Mayson, the owner, but did not make Johnson, his tenant, a party to the condemnation proceedings. We permitted Johnson to recover in a separate suit because he was not a party to the original suit and was not compensated for the value of his leasehold interest. See also Board of Levee Commissioners for Yazoo and Mississippi Delta v. Nelms, 82 Miss. 416, 34 So. 149 (1903).
Although Seago Enterprises was a party to the condemnation proceedings, when the court refused to let it join in the statement of values and present evidence as to its damages, the effect was the same as if it had not been a party to the lawsuit. The decision in Seago is based on our holding in Board of Commissioners v. Johnson; and Board of Commissioners v. Nelms, supra.
*347 The Commission also relies on Mississippi State Highway Commission v. Aultman, 336 So.2d 1325 (Miss. 1976). In Aultman the condemnor appealed as to the lessee but paid off the landowner and sublessee. The right of the condemnor to appeal without making the owner and sublessee parties was not assigned as error, and was not argued; therefore, Aultman is not authority on the question presented on the motion to reinstate the appeal of the Commission. If we were to adopt Aultman as authority for the issue presented by the motion to reinstate we would effectively do away with the unit valuation method in determining compensation cases where the condemnor appealed as to only one party when another party had an estate or interest in the property condemned.
If this appeal involved condemnation of land owned by two people as tenants in common with a total award of $96,500 we would not seriously consider permitting either the condemnor or one of the property owners to appeal without naming all parties. The same principle applies in this case.
The landowner in this case is not a party to the cross appeal, the total award of damages has not been attacked; therefore, the total award of damages stands. If on a new trial, the lessee in this case should recover more than was apportioned him by the original jury it would be at the expense of the landowner and would violate due process because he is not a party to the appeal. For the foregoing reasons the petition of the Commission to reinstate its cross appeal is denied.
This case was considered by a conference of the Justices en banc.
MOTION TO REINSTATE CROSS APPEAL DENIED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, and BROOM, JJ., concur.
GILLESPIE, C.J., and WALKER and LEE, JJ., dissent.
GILLESPIE, Chief Justice, dissenting:
With deference, I am of the opinion that the majority opinion unnecessarily exalts the unit valuation method into an end itself that will result in hardship and needless expense to landowners under circumstances that are likely to arise from time to time. It takes away from the landowner or the lessee, as the case may be, the right to manage his own lawsuit, to settle, and to avoid needless expense. In the present case the appeal is by the Highway Commission, but the hardship that prompts me to dissent will be visited not only on the Highway Commission but upon the parties whose property is being condemned when more than one person owns an estate in real property.
Moreover, in my opinion this case is controlled in all essential aspects by Seago Enterprises, Inc. v. Mississippi State Highway Commission, 330 So.2d 588 (Miss. 1976), and Mississippi State Highway Commission v. Aultman, 336 So.2d 1325 (Miss. 1976).
The majority opinion holds that in order to value separate estates in real property all parties must be before the court at all times. Such a holding is not required by reason or authority. In the instant case, when the jury returned a verdict finding the value of the entire property at $96,500, and apportioned the damages $68,000 to the owners and $28,500 to the lessees, the Commission and the owner had the right to agree that $68,000 was the proper amount of damages due the owner. This being true, there is no valid reason why the landowner should not be allowed to receive his $68,000 and thus avoid the expense of being made an appellee in an appeal to the Supreme Court and a long delay in being paid. The unit method of valuation could still be used if the case is reversed by the Supreme Court and retried as to lessees. In such event, there would be judgment in favor of the lessees for its fair share of the total valuation.
In my opinion there will be cases where the majority holding will require unjust results. For instance, if the condemnor of an apartment house containing numerous *348 apartments leased to various people is aggrieved as to the amount awarded to any particular lessee, or lessees, the condemnor would have to bring the entire lawsuit, including each separate lessee and the owner, to the Supreme Court. All those parties having no complaint as to the amount of the award must undergo an appeal and all the expense and delay that it entails. This would be manifestly unjust.
When less than all of the parties are before this Court or the trial court, the questions involving damages can be determined in strict accord with the unit rule without having all the parties before the court.
WALKER and LEE, JJ., join in this dissent.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.