SUGG, Justice, for the Court:
This eminent domain proceeding was originally instituted against Wilmer L. Aultman, Elizabeth Aultman, owners, Daughtrey-Hughes, Inc., lessee, and Dynamic Industries, Inc., sublessee, by the Mississippi State Highway Commission to condemn 0.09 acres of land in Covington County. At the first trial, the jury returned a verdict of $15,954.26 in the aggregate for the condemnees, apportioned $1,100.00 to the landowners and $3,494.00 to Daughtrey-Hughes, Inc., lessee, and $11,-000.00 to Dynamic Industries, Inc., subles-see. An additur of $25,000.00 was granted lessee by the trial court. We reversed and held the trial judge abused his discretion in ordering an additur because there was no credible evidence from which damages to the lessee could be ascertained. Mississippi State Highway Commission v. Aultman, 336 So.2d 1325 (Miss.1976).
This case was tried before our decision in Lennep v. Mississippi State Highway Commission, 347 So.2d 341 (Miss.1977). Under Lennep the first appeal would have been dismissed because all condemnees were not made parties to the appeal. Nevertheless, the opinion in the original appeal of this case requires us to address the issue presented on this appeal.
The land sought to be condemned is located along State Highway 590 at the point where it intersects U.S. Highway 49. The 0.09 acre tract is 100 feet long, 25 feet wide at one end, and gradually widens to approximately 60 feet at the other end. Daugh-trey-Hughes entered into a lease with the owners, Wilmer L. Aultman and Elizabeth Aultman, and constructed a small grocery store, restaurant, laundromat and carwash on the .premises. Subsequently, Daughtrey-Hughes negotiated a sublease with Dynamic Industries, Inc., which installed a gas pump and two underground storage tanks. By the terms of the sublease, Daughtrey-Hughes was required to operate the pumps *414 during regular store hours and promote the sale of gas to its customers. For these services and use of the premises, Daugh-trey-Hughes was to receive $250 per month plus one cent per gallon for each gallon sold in excess of 17,000 gallons each month.
It was established at both trials that Daughtrey-Hughes’ customers utilized the right of way and “sight-flare” area along U.S. Highway 49 for access to the premises and for parking. Although the Highway Commission overlooked the unauthorized use of the “sight-flare” area, Daughtrey-Hughes did not have the right to use this area for direct access to Highway 49. Daughtrey-Hughes had access to State Highway 590 only by using a 50 foot ramp which was reduced to 40 feet when the 0.09 acre strip was condemned. The fact that Daughtrey-Hughes had access only by the 50 foot ramp prior to the taking was established despite the testimony of its witness, W. O. Thomas, that it had 109 feet access before condemnation of the 0.09 of an acre.
Two appraisers, Joel M. Stevenson and W. O. Thomas, testified at the second trial and the jury found Daughtrey-Hughes would be damaged $11,000 by the taking. Daughtrey-Hughes filed a motion for judgment notwithstanding the verdict and, in the alternative, for new trial or an additur. The trial judge granted a new trial, unless the commission accepted an additur of $19,-360, holding the testimony of the Highway Commission’s appraiser, Stevenson, should have been excluded because it was misleading and confusing to the jury. The court also held that Stevenson failed to base his appraisal on comparable sales of commercial property. The additur increased the award to $30,360, the exact amount of the damages testified to by Thomas, witness for Daughtrey-Hughes.
The principal question is whether the evidence afforded the jury a proper guide to fix the compensation due Daughtrey-Hughes, the lessee, for taking the 0.09 of an acre.
Where property sought to be condemned involves a leasehold interest the unit valuation method must be used for determining compensation. In Lennep v. Mississippi State Highway Commission, 347 So.2d 341 (Miss.1977), we stated:
It is clear that the legislature intended for the unit valuation method to be applied in determining compensation in eminent domain cases. Mississippi Code Annotated section 11 — 27—5 (1972). We have consistently followed the statutory mandate and use the unit valuation method for determining compensation where property sought to be condemned involves a leasehold interest. In Lee v. Indian Creek Drainage District, 246 Miss. 254, 148 So.2d 663, 666 (1963) we stated:
Where there are different interests or estates in the property acquired by condemnation, the proper course is to ascertain the entire compensation to be awarded as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights.
The textwriter in 18 Am.Jur., Eminent Domain, Sec. 239, p. 872, has expressed this rule in the following language: ‘ * * * The rule is generally recognized (though not invariably followed) that, where there are several interests or estates in a parcel of real estate taken by eminent domain, a proper method of fixing the value of, or damage to, each interest or estate, is to determine the value of, or damage to, the property as a whole, and then to apportion the same among the several owners according to their respective interests or estates, rather than to take each interest or estate as a unit and fix the value thereof, or damage thereto, separately.’ 18 Am.Jur., Eminent Domain, Sec. 239, p. 872. See also Anno. 69 A.L.R. 1263. (246 Miss. 263-264, 148 So.2d 666). (347 So.2d at 344).
Accord., Seago Enterprises v. Mississippi State Highway Commission, 330 So.2d 588 (Miss.1976).
The appraiser for the Highway Commission did not use the unit valuation method but valued the leasehold interest only of Daughtrey-Hughes by the before and after *415 method. Neither did the appraiser for Daughtrey-Hughes follow the unit valuation method because he omitted the interest of the sublessee. His testimony was not a proper measure of damages because he testified that the property would be damaged approximately 70% by the taking, and based this on the erroneous assumption that before the taking Daughtrey-Hughes had 109 feet access and only 40 feet access after the taking.
Neither the jury when it returned its verdict, nor the trial judge when he granted an additur, had before them testimony from which damage could be properly determined.
While we hesitate to reverse this case the second time, we are compelled to do so and direct the unit valuation method will be followed on retrial in assessing damages for condemnation of the property.
We therefore affirm the action of the trial court in granting a new trial, but reverse its action in granting an additur.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.