ZUCCARO, Justice,
for the Court:
We are called on today to determine the amount of fee that may be awarded to a court appointed appraiser in an eminent domain action pursuant to § 11-27-89 of the Mississippi Code of 1972. The Special Court of Eminent Domain of Rankin County awarded such a court appointed appraiser a fee of $1,800 for appraising certain sixteenth section land. The State Highway Commission, feeling aggrieved by the amount of fee awarded by the lower court, now appeals.
FACTS
On January 24, 1986 the State Highway Commission of Mississippi filed a complaint against the Rankin County Board of Education as fee owner and five other defendants as lessees of the same parcel of land for the purpose of condemning said land and the leasehold interest burdening and encumbering said land.
The special court of eminent domain appointed Sam Rawls to appraise the property pursuant to Mississippi Code Annotated § 11-27-83 (Supp.1986) commonly known as the “quick take statute”. Mr. Rawls conducted the appraisal, and subsequently on March 14, 1986 the lower court issued an order directing the State Highway Commission to pay $1,800 to Sam Rawls as the fee for his appraisal. On June 12,1986 the State Highway Commission moved the lower court to reconsider the fee on the basis that § 11-27-89 of the Mississippi Code of 1972 allows a maximum fee to a court appointed appraiser of $300 “for his services”. Subsequently, a hearing was conducted in which the lower court considered appellant’s motion to reconsider. The lower court determined that, due to the complex nature of the present case, involving five lessees of the sixteenth section land, that the original fee of $1,800 awarded to Mr. Rawls was proper. The State Highway Commission now appeals assigning one error as follows.
I. DID THE SPECIAL COURT OF EMINENT DOMAIN OF RANKIN COUNTY ERR IN GRANTING THE COURT APPOINTED APPRAISER $1,800 IN COMPENSATION?
Section 11-27-89 of the Mississippi Code of 1972 sets forth the amount of compensation that may be made to a court appointed appraiser in an eminent domain action as follows:
The appraiser shall receive as compensation for his services such sum, plus expenses, as the court shall allow, which shall be taxed as cost in the proceedings; provided, that the sum allowed shall not exceed Three Hundred Dollars ($300.00)
[[Image here]]
*614 In the hearing below appellant brought to the attention of the trial court that the above section provided a maximum payment to a court appointed appraiser of $300, and that an award to Mr. Rawls had been made in the amount of $1,800. The lower court justified the $1,800 amount on the basis that, while ownership of the sixteenth section land was vested solely in the Rankin County Board of Education, there were five leaseholder interest in the subject property. Because of the numerous interest in the property, the lower court stated that it was unreasonable to believe that an appraisal could be done for only $300, and as such the $1,800 figure was proper. Thus, the question on appeal is, what effect does the existence of various leasehold interest in one unit of property have on the $300 maximum fee for a court appointed appraiser as set forth above in § 11-27-89.
Section 11-27-13 of the Mississippi Code of 1972 provides as follows:
Each different property, identified by separate ownership, shall constitute a separate cause of action and require a separate trial, unless otherwise agreed by all parties with approval of the court.
In Lennep v. Mississippi State Highway Commission, 347 So.2d 341 (Miss.1977), this Court stated, in construing the above statute, that the Legislature intended for the unit rule to be applied in determining compensation in eminent domain cases, and that this Court additionally follows the unit evaluation method of determining compensation where a property sought to be condemned involves a leasehold interest. Lennep at 343. We also held in Lennep that the proper procedure under the unit valuation method of determining valuation is to file the petition AGAINST all persons and parties claiming an interest in the property. We said in Lee v. Indian Creek Drainage District, 246 Miss. 254, 148 So.2d 663, 666 (1963):
Where there are different interest or estates in the property acquired by condemnation the proper course is to ascertain the entire compensation to be awarded as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights.
Accordingly, under the unit valuation method of determining compensation, the jury is to determine the value of the property to be condemned, and then to apportion the damages to those with an interest in property, such as fee owners, mortgagees, lien-holders and lessees. Lennep, supra. See also Section 11-27-5 of the Miss. Code Ann. (1972) as to proper parties.
In the case sub judice, it is undisputed that there is one fee ownership interest in the sixteenth section land now in question burdened with five leasehold interest. Applying the unit value method of determining compensation, there should thus be only one appraisal of the property. While there were probably six calculations in making the appraisal, there was only one appraisal. Assuming arguendo, more than one appraisal had been necessary, the limiting amount of § 11-27-89 is for “services”, not for “an appraisal”.
Consequently, we hold the maximum fee which may be awarded to any court appointed appraiser of the property now in question with its component interests may not exceed $300 as is set forth in § 11-27-89. The lower court erred when it awarded an amount in excess of $300 to the court appointed appraiser.
We reverse and remand so that the trial judge may make the proper award consistent herewith.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, P.J., and ROBERTSON and ANDERSON, JJ., specially concur by separate written opinion.