COFER, Justice,
for the Court:
Appellant, State Highway Commission of Mississippi, applied for the organization of a special court of eminent domain, "with St. Catherine Gravel Company, appellee, as defendant. Such court was organized in Adams County, in which county the subject land lay. In due course, the appellant’s petition was heard resulting in a jury verdict and judgment in such sum as caused appellant (Commission) to take this appeal. The condemnation was for title to 3.08 acres more or less, and a drainage easement of 1.23 acres, more or less.
Appellant assigned as error:
(1) The court’s allowing recovery for certain gravel, to be explained hereinafter.
(2) The court’s admission of evidence of proof of loss of future profits.
(3) The verdict and judgment were contrary to the overwhelming weight of the evidence; and
(4) A substantial part of the verdict resulted from proof speculatory and uncertain.
Defendant was and had for most of a half-century been, engaged in sand and gravel business, which entailed purchasing, or otherwise obtaining, gravel in place, transporting it to its place of business on property, part of which is being taken in this proceeding, washing it, and separating sand and gravel of various sizes and for various uses, all for the market. Its property extended a distance (not here important) into St. Catherine Creek. In the creek, there was a crook or bend where gravel, washed by nature from others’ land, settled into a sand and gravel bar, whence these materials were harvested, processed at a low cost (paying nothing for the materials) and sold on the market. For a number of years defendant had harvested the sand and gravel one or two times a year and had sold it for an average profit of slightly under $3,500 per year.
*232 Two appraisers for the commission testified that due compensation for the land being taken was $28,060 and $30,360. (Their testimony was in accordance with the “before and after” rule, usually the measurement yardstick). Appellee adduced from two witnesses $76,500 and $78,635 (the latter being the exact figure as fixed by the jury), as being the due compensation. In the defendant’s witnesses’ testimony there was included a “before and after” figure, and also $35,000 and $32,000 for loss of the gravel bonanza which appellee had enjoyed through the years.
On the “before and after” figure, there is really no debate. Appellee put the case on appeal in rather clear perspective, saying,
The only question on appeal is the admissibility of evidence by appraisers for the landowner, as well as by one of the appraisers for the State. Mr. Milton, which evidence established a value for the loss of future profits from deposits of gravel on the gravel bar which was a part of landowner’s property and which was now being taken by the State Highway Commission and no longer available to the landowner for such.
Appellant asks remittitur of $35,000 or remand for a new trial on the damages. It contends that the proof as to the gravel loss is too speculative and uncertain to form a basis for that part of the verdict which necessarily had to be attributed to the loss of the gravel that periodically settled into a bar in the creek bend.
A part of the purpose of the condemnation was to straighten and revet the bank of the creek for the purpose of building a bridge or bridges to serve the expanded traffic area of U. S. Highway No. 61 at that point. Thus, the bend where the sand and gravel were more prone to settle would be taken away, and would not be a hindrance to the flow of the water which hindrance enlarged the deposit of these materials at that point. There was proof, however, that, at the lower end of the channel to be caused by the dredging process, where the channel came back to the creek bed, the sand and gravel would settle, and this bar would be on defendant’s land. This testimony was not without contradiction, however.
The defendant capitalized the income from this gravel and its witnesses, as shown above, arrived at $32,000 and $35,000 therefor, and defendant contends the award was just and should be affirmed.
There are, we conclude, at least these considerations in resolving the case:
(1) At the taking or the trial, there was no proof that any gravel or sand was in the creek on appellee’s land.
(2) The gravel had to be washed from others’ land upstream (to whom, for anything contrary thereto appearing in the record, it belonged), and was not defendant’s property unless it so became when 'it came to rest in the creek bed belonging to defendant.
(3) Although the washing of the sand and gravel into the bed on defendant’s land had been at least annually for a number of years, there was no proof (but a hard pressed presumption) that it would continue to do so for any number of years in the future.
(4) There was not eliminated the prospect that the upstream owners might decide to save the gravel for themselves, devising a means of preventing its washing down the creek.
(5) It was pointed out, too, that the Natchez Trace Highway is to be completed upstream from the defendant’s land (when is not shown), and its effect on the creek and the water flow could not be anticipated.
It is contended that this gravel and sand are not part of the land and its taking is separate and is properly considered as a separate item of damage, and, for this case, it was proper to be compensated according to the before and after rule plus payment for the deposits of sand and gravel.
Citing Mississippi State Highway Commission v. Rogers, 236 Miss. 800, 112 So.2d 250 (1959), and Mississippi State Highway Commission v. Elizey, 237 Miss. 345, 114 So.2d 769 (1959), this Court said in Mississippi State Highway Commission v. Valen *233 tine, 239 Miss. 890, 894, 124 So.2d 690, 692 (1960):
However, the test is the fair market value of the land before and after the taking, and does not inelude the highly speculative and uncertain profits which may be derived from a business.
(Emphasis added).
Loss of profits was recently held not to be a proper element of damages in Mississippi State Highway Commission v. Central Land & Rental Corp., 239 So.2d 335, 338 (Miss.1970), citing Mississippi State Highway Commission v. Ladner, 243 Miss. 139, 137 So.2d 791 (1962).
In Seago Enterprises, Inc. v. Mississippi State Highway Comm., 330 So.2d 588 (Miss.1976), it was again announced by this Court that:
Loss of profits by itself, as a separate item of special damages, is not compensa-ble in Mississippi. Mississippi State Highway Comm. v. Valentine, 239 Miss. 890, 124 So.2d 690 (1960). (330 So.2d at 590).
In Ligon v. Indian Creek Drainage District, etc., 247 Miss. 279, 284, 156 So.2d 810, 811 (1963), the lower court was affirmed on its finding that the presence of amounts of clay in land being taken and its quality were “based on too much speculation and upon too little actual quest for facts, for it to be of great weight.”
In obedience to these announcements, it is our opinion that the separate and special claim for damages- on account of the sand and gravel is based upon too weak, uncertain, and speculative testimony and an award therefor must not be allowed to stand. We accordingly, reverse the allowance of these damages as alleged due compensation in the amount of $32,000 and affirm the remainder of the award.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.